1

2

3

4

5

6

7

8

9

The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

### AT TACOMA

| | |
|---|---|
| U.S. OIL TRADING LLC,<br><br>                         Plaintiff,<br><br>            vs.<br><br>M/V VIENNA EXPRESS, her tackle, boilers, apparel, furniture, engines, appurtenances, etc., *in rem*, and M/V SOFIA EXPRESS, her tackle, boilers, apparel, furniture, engines, appurtenances, etc., *in rem*,<br><br>                         Defendants.<br>_____<br>Hapag-Lloyd Aktiengesellschaft, *as claimant to the in rem defendant M/V VIENNA EXPRESS*,<br><br>   Counter-Claimant and Third-Party Plaintiff,<br><br>            vs.<br><br>U.S. OIL TRADING LLC,<br><br>                 Counter-Defendant and<br><br>O.W. BUNKER GERMANY GMBH, O.W. BUNKER & TRADING A/S, ING BANK N.V., CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK, a division or arm of CREDIT AGRICOLE S.A.,<br><br>                 Third-Party Defendants. | IN ADMIRALTY<br><br>Case No. 3:14-cv-05982-RJB<br><br>**VERIFIED ANSWER, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT SEEKING INTERPLEADER AND/OR DECLARATORY RELIEF** |

Case No.:  3:14-CV-05982-RJB
VERIFIED ANSWER, COUNTERCLAIM, AND THIRD-PARTY
COMPLAINT SEEKING INTERPLEADER AND/OR
DECLARATORY RELIEF - 1

Defendant Hapag-Lloyd Aktiengesellschaft, as claimant to the *in rem* defendant M/V VIENNA EXPRESS (hereinafter "Owner"), by and through their attorneys Keesal Young and Logan, and Freehill, Hogan & Mahar LLP, as and for the answer to the Verified Complaint of Plaintiff U.S. Oil Trading LLC ("USOT") and as and for Owner's counterclaim and third-party complaint against the parties hereinafter identified, alleges upon information and belief as follows:

## ANSWER TO COMPLAINT

### PARTIES

1.      Admits the allegations contained in paragraph 1 of the Complaint.

2.      Admits that the M/V VIENNA EXPRESS (the "Vessel") was and now is engaged in the common and/or private carriage of cargo on the high seas between ports of the world, and that at the commencement of this action was within the jurisdiction of this Court, but except as so admitted denies knowledge or information sufficient to form a belief with regard to the remaining allegations in paragraph 2 of the complaint.

3.      The M/V SOFIA EXPRESS, not having been arrested or served with process in this action, is not before the Court, and hence no response with respect to allegations relating to that vessel as contained in paragraph 3 of the complaint is required.

### JURISDICTION AND VENUE

4.      Admits the allegations contained in paragraph 4 of the Complaint.

5.      Admits that the plaintiff states that its action is commenced pursuant to the Maritime Commercial Instruments and Liens Act, 46 U.S.C §§ 31301, *et. seq.*, but as this allegation constitutes a statement of law, it requires no response from Owner.

6.      Denies the allegations contained in paragraph 6 of the Complaint.

### RESPONSE TO FIRST CAUSE OF ACTION

7.      Owner repeats and re-alleges each and every admission, denial and denial for lack of knowledge or information as set forth above in paragraphs 1-6 with the same force and effect as if fully set forth at length herein.

Case No.:  3:14-CV-05982-RJB
VERIFIED ANSWER, COUNTERCLAIM, AND THIRD-PARTY
COMPLAINT SEEKING INTERPLEADER AND/OR
DECLARATORY RELIEF - 2

8.      Denies the allegations contained in paragraph 8 of the complaint.

9.      Denies knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 9 of the complaint.

10.     Admits that on or about October 2014, a quantity of approximately 2,700 metric tons of bunker fuel was transferred from a barge to the Vessel at the Port of Tacoma, Washington, and that upon completion of the transfer a receipt was tendered by the bargemen which was stamped acknowledging receipt, and that a document which USOT identifies as a true and accurate copy of the bunker delivery receipt is annexed to the complaint as Exhibit 2, but except as so admitted, denies knowledge or information sufficient to form a belief with respect remaining allegations contained in paragraph 10 of the complaint.

11.     Admits that the document annexed as Exhibit 2 to the complaint contains the language identified in paragraph 11, but except as admitted, denies knowledge or information as to whether the document constitutes the bunker delivery receipt and denies that the language constitutes or creates a basis for a maritime lien on the Vessel.

12.     Admits that the document annexed as Exhibit 2 to the complaint contains the language identified in paragraph 12, but except as admitted, denies knowledge or information as to whether the document constitutes the bunker delivery receipt and denies that the language constitutes or creates a basis for a maritime lien on the Vessel.

13.     Admits that subsequent to the transfer of the bunker fuel to the Vessel, USOT apparently invoiced OW A/S for the bunker fuel and that an invoice was annexed to the complaint as Exhibit 3 which USOT identifies as the subject invoice, but except as admitted, denies knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph 13 of the complaint.

14.     Admits that payment was apparently due to USOT from OW A/S, but except as admitted, denies knowledge or information sufficient to form a belief with respect to the date by which that payment was due.

Case No.:  3:14-CV-05982-RJB
VERIFIED ANSWER, COUNTERCLAIM, AND THIRD-PARTY
COMPLAINT SEEKING INTERPLEADER AND/OR
DECLARATORY RELIEF - 3

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

15.    Admits demand and nonpayment insofar as the Vessel is concerned, and denies knowledge or information sufficient to form a belief with respect to the remaining allegations concerning demand and nonpayment by OW A/S.

16.    Denies the allegations contained in paragraph 16 of the Complaint.

17.    Denies the allegations contained in paragraph 17 of the Complaint.

18.    Denies the allegations contained in paragraph 18 of the Complaint.

19.    Denies the allegations contained in paragraph 19 of the Complaint.

20.    Admits that on November 28, 2014, a Letter of Undertaking ("the LOU") was issued in favor of USOT in exchange for USOT's promise to refrain from arresting the Vessel, which LOU incorporated a full reservation of rights with respect to all issues, which includes the right to challenge whether USOT has a maritime lien on the vessel; but except as so admitted, denies the remaining allegations contained in paragraph 20 of the Complaint.

21.    Admits that under the express terms of the LOU the rights of the parties are and are to be construed as if the Vessel had been arrested and released with the posting of substitute security, but except as admitted, denies the remaining allegations contained in paragraph 21 of the Complaint.

## RESPONSE TO SECOND CAUSE OF ACTION CONCERNING ALLEGED MARITIME LIEN AGAINST THE M/V SOFIA EXPRESS

22- 34. The M/V SOFIA EXPRESS has not been arrested or served with process in this action and is therefore not before the Court; hence no response is required to paragraphs 22-34 of the complaint.

35.    The allegations of Plaintiff's prayer are denied.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a cause of action upon which relief can be granted.

2.    Plaintiff has failed to join several indispensable parties under Rule 19 of the Federal Rules of Civil Procedure (including those entities identified in the Counterclaim and Third-Party Complaint herein) in whose absence the Court cannot accord complete relief among

Case No.:  3:14-CV-05982-RJB
VERIFIED ANSWER, COUNTERCLAIM, AND THIRD-PARTY
COMPLAINT SEEKING INTERPLEADER AND/OR
DECLARATORY RELIEF - 4

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

the existing parties, and hence the Complaint should be dismissed in the absence of the joinder of these indispensable parties.

3.    Plaintiff does not have a maritime lien upon the Vessel under the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343, or otherwise, whether under statute, common law or general maritime law; hence the action should be dismissed and the LOU cancelled and returned.

4.    No payment is due to USOT by Owner.

5.    Venue is improper and/or inconvenient.

6.    Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Owner gives notice of, and reserves its right to rely on foreign law to the extent it may be applicable.

7.    Owner reserves the right to amend this answer if and once additional information is obtained through discovery.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT

Now for its Counterclaim and Third-Party Complaint against Plaintiff USOT, O.W. Bunker Germany GmbH, O.W. Bunker & Trading A/S, ING Bank N.V., and Credit Agricole Corporate and Investment Bank, Owner, alleges upon information and belief as follows:

## THE PARTIES

1.    Hapag-Lloyd Aktiengesellschaft (hereinafter "Hapag-Lloyd" or "Owner") is a business entity organized and existing under the laws of a foreign country with its principal place of business at Ballindaum 25, D-20095 Hamburg, Germany, and is the clamant to the in *rem defendant* M/V VIENNA EXPRESS (hereinafter the "Vessel") in these proceedings.

2.    Plaintiff/Counter-Defendant USOT is a business entity organized and existing under the laws of Delaware which is registered/authorized with the Washington Secretary of State to do business within Washington State and which has its principal place of business at 3001 Marshall Ave., Tacoma, Washington 98421. USOT has initiated and appeared in this action.

Case No.:  3:14-CV-05982-RJB
VERIFIED ANSWER, COUNTERCLAIM, AND THIRD-PARTY
COMPLAINT SEEKING INTERPLEADER AND/OR
DECLARATORY RELIEF - 5

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

3.     Counter-Defendant/Third-Party Defendant O.W. Bunker Germany GmbH (hereinafter "OW Germany") is a business entity organized and existing under the laws of a foreign country with its principal place of business at Neumühlen 11, 22763 Hamburg, Germany, and which, at all times material hereto, did business in this jurisdiction.

4.     Counter-Defendant/Third-Party Defendant O.W. Bunker & Trading AS (hereinafter "OW Denmark") is a business entity organized and existing under the laws of a foreign country with its principal place of business at Stigsborgvej 60, DK-9400 Noerresnby, Denmark, and which, at all times material hereto, did business in this jurisdiction.

5.     Counter-Defendant/Third-Party Defendant ING Bank N.V. (hereinafter "ING") is an entity organized and existing under the laws of a foreign country with its principal place of business at Amsterdam Poort, Bijlmerplein 888, 1102 MG Amsterdam, The Netherlands, and does business in this jurisdiction.

6.     Counter-Defendant/Third-Party Defendant Credit Agricole Corporate and Investment Bank (hereinafter "Credit Agricole") is a business entity or a subdivision of a business organized and existing under the laws of a foreign country with its principal place of business at 12 place des Etats-Unis, 92545 Montrouge cedex, France, and does business in this jurisdiction.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1333, and this action involves admiralty and maritime claims under Fed. R. Civ. P. 9(h), inasmuch as it involves competing claims to the payment for marine bunkers provided to the Vessel. Supplemental jurisdiction for this third-party complaint also exists under 28 U.S.C. §1367 because this third-party complaint is so related to the claims asserted in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.     This Court also has jurisdiction over this interpleader action pursuant to 28 U.S.C. §1335 inasmuch as Owner has been confronted with conflicting claims that may expose it to

Case No.:  3:14-CV-05982-RJB
VERIFIED ANSWER, COUNTERCLAIM, AND THIRD-PARTY
COMPLAINT SEEKING INTERPLEADER AND/OR
DECLARATORY RELIEF - 6

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

1    double or multiple liability for payment of the bunkers provided to the Vessel, and as so situated

2    is permitted to seek interpleader relief by way of counterclaim and/or cross-claim in an action

3    initiated by a claimant like USOT.

4          9.      Hapag-Lloyd files this counterclaim and third-party claim pursuant to Rules

5    13(h), 14 and 22 of the Federal Rules of Civil Procedure.

6          10.     This Court has personal jurisdiction over USOT pursuant to 28 U.S.C. §2361 and

7    Rule 4(k) of the Federal Rules of Civil Procedure.

8          11.     This Court has personal jurisdiction over OW Germany pursuant to

9    §4.28.185(1)(a) of the Revised Code of Washington and Rule 4(k)(2) of the Federal Rules of

10   Civil Procedure as OW Germany transacts business within the State of Washington as evidenced

11   by the supply of bunkers to the Vessel within this District pursuant to an order by OW Germany

12   and by virtue of its supply of bunkers to vessels throughout the United States, respectively.

13   Additionally, this Court has jurisdiction over OW Germany pursuant to 28 U.S.C. §2361.

14         12.     This Court has personal jurisdiction over OW Denmark pursuant to

15   §4.28.185(1)(a) of the Revised Code of Washington and Rule 4(k)(2) of the Federal Rules of

16   Civil Procedure as OW Denmark transacts business within the State of Washington as evidenced

17   by the supply of bunkers to the Vessel within this District pursuant to an order by OW Denmark

18   and by virtue of its supply of bunkers to vessels throughout the United States, respectively.

19   Additionally, this Court has jurisdiction over OW Denmark pursuant to 28 U.S.C. §2361.

20         13.     This Court has personal jurisdiction over ING to the extent that it is or may be a

21   third-party beneficiary of the bunker supply contracts at issue in this dispute, and to the extent

22   that it is an alleged assignee of the receivables of OW Germany and/or OW Denmark.

23   Additionally, this Court has jurisdiction over ING pursuant to 28 U.S.C. §2361.

24         14.     This Court has personal jurisdiction over Credit Agricole to the extent that it is or

25   may be a third-party beneficiary of the bunker supply contracts at issue in this dispute, and to the

26   extent that it is an alleged assignee of the receivables of USOT.  Additionally, this Court has

27   jurisdiction over Credit Agricole pursuant to section 4.28.185(1)(a) of the Revised Code of

28

Case No.:  3:14-CV-05982-RJB
VERIFIED ANSWER, COUNTERCLAIM, AND THIRD-PARTY
COMPLAINT SEEKING INTERPLEADER AND/OR
DECLARATORY RELIEF - 7

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

Washington and Rule 4(k)(2) of the Federal Rules of Civil Procedure as Credit Agricole

transacts business within the State of Washington as evidenced by its debtor-creditor relationship

with USOT in the subject bunker transaction, and pursuant to 28 U.S.C. §2361

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a

substantial part of the events giving rise to this action occurred, or a substantial part of the

property that is the subject of this action is situated within this District.

## **FACTUAL BACKGROUND**

16.     Hapag-Lloyd is the registered owner of the Vessel.

17.     On or about January 1, 2014, Hapag-Lloyd entered into a contract with OW

Germany for the supply of marine bunkers ("bunkers") to be provided to vessels owned and/or

operated by Hapag-Lloyd during a contract term running between January 1, 2014, to December

31, 2014. A copy of this contract between Hapag-Lloyd and OW Germany (hereinafter the

"Hapag Marine Fuel Contract") is attached hereto as Exhibit 1.

18.     Thereafter, in the usual course, Hapag-Lloyd would place an order with OW

Germany for the supply of bunkers to a particular vessel, and after delivery, would be invoiced

by and would pay to OW Germany for the bunkers supplied under the Hapag Marine Fuel

Contract.

19.      In or about October 2014, Hapag-Lloyd submitted to OW Germany an order for

the supply of bunkers to the Vessel, and bunkers were provided at the Port of Tacoma,

Washington, ostensibly by USOT.  (Copies of the relevant purchase, sale and delivery

documents are annexed hereto as Exhibit 2.)

20.     Hapag-Lloyd was subsequently invoiced $1,431,371.04 by OW Germany for the

supply of bunkers to the Vessel (the "OW Germany Invoice").

21.     Before making payment on the OW Germany invoice, Hapag-Lloyd was

presented with various and competing demands for payment from a variety of different parties,

including, inter alia, Plaintiff/Counter-Defendant USOT and one or more of the other Counter-

1   Defendants/Third-Party Defendants and/or parties joined (or sought to be ) hereunder, each

2   asserting entitlement to the single payment from Hapag-Lloyd.

3        22.    Threats have also been made to arrest the Vessel, and in response to a threat from

4   USOT, a Letter of Undertaking was issued by Hapag-Lloyd's underwriter in the amount of

5   $1,725,000 to avoid the imminent arrest of the Vessel.  (A copy of the Letter of Undertaking is

6   attached hereto as Exhibit 3.)

7        23.    On December 17, 2014, USOT filed a Verified Complaint against, inter alia, the

8   Vessel in rem, seeking to recover the amount claimed due for the supply of bunkers to the Vessel

9   and to arrest the Vessel pursuant to Supplemental Admiralty Rule C to obtain security for its

10  purported claim of a lien against the vessel.

11       24.    Facing competing claims from multiple parties for payment of the single sum due

12  in respect to the supply the bunkers, Hapag-Lloyd commences this defensive interpleader action,

13  third-party complaint and declaratory judgment proceeding for determination of the proper party

14  to whom the payment should be made, together with the additional and ancillary relief specified

15  below.

16       **FIRST CAUSE OF ACTION FOR INTERPLEADER RELIEF**

17       25.    Hapag-Lloyd repeats and reasserts each and every allegation set forth above in

18  paragraphs 1-24, inclusive, as if fully set forth at length herein.

19       26.    There are various competing interests each seeking payment for the single amount

20  due from Hapag-Lloyd for the bunkers supplied to the Vessel, including but not limited to claims

21  by: (i) USOT, as the physical supplier of the bunkers; (ii)  OW Germany, as the "seller" of the

22  bunkers under the Hapag Marine Fuel Contract; (iii) OW Denmark, as the purchaser of the fuel

23  from USOT and, based upon information and belief, as an intermediary seller to OW Germany;

24  and (iv) ING and Credit Agricole as secured lenders and/or as assignees of the accounts

25  receivable of OW Denmark and/or OW Germany, respectively.

26       27.    Hapag-Lloyd is unable and/or unsure of which of these competing parties

27  payment for the bunkers should be made and accordingly has not made any payment to anyone

28  Case No.:  3:14-CV-05982-RJB
VERIFIED ANSWER, COUNTERCLAIM, AND THIRD-PARTY
COMPLAINT SEEKING INTERPLEADER AND/OR
DECLARATORY RELIEF - 9

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

1  in response to the competing demands pending determination by the Court.

2      28.    Based on the foregoing, Hapag-Lloyd has been and will be subject to multiple

3  claims for payment for the bunkers supplied to the Vessel, and the interests of the parties in the

4  property and/or obligation subject to this interpleader action (i.e., the sum due from Hapag-

5  Lloyd) creates a dispute as to which among them is entitled to payment.

6      29.    Based upon the foregoing, Hapag-Lloyd has a reasonable fear of multiple

7  liabilities because of these adverse claims including, but not limited to, the threat of multiple

8  proceedings seeking payment and/or multiple potential seizures of the Vessel or other property

9  owned or operated by Hapag-Lloyd.

10      30.    The foregoing situation satisfies the requirements for interpleader relief under

11  Rule 22, and Hapag-Lloyd is thus permitted to seek interpleader relief by way of counterclaim

12  and/or cross-claim in an action initiated by a claimant like USOT.

13      31.    Based upon the foregoing, Counter-Defendants as identified herein are obliged to

14  submit their claims for payment for the supply of the bunkers in this proceeding for

15  determination of which among them the payment is owed.

16      32.    Upon payment to the entity determined by the Court to be owed the payment (as

17  outlined in paragraph 31), any and all obligations of Hapag-Lloyd and the Vessel related to the

18  supply of the bunker fuel shall be extinguished.

19      33.    In addition, the foregoing situation also satisfies the requirements of the Federal

20  Interpleader Act, 28 U.S.C. §1335, and for purposes of satisfaction of the bond requirements

21  under that Act, Hapag-Lloyd proposes to substitute the LOU with a bond which will fully secure

22  the claim of USOT (to the extent it is determined to be the appropriate party entitled to receipt of

23  the payment due from Hapag-Lloyd) and the claim(s) of all other interested parties to the extent

24  some other entity is ultimately determined to be the appropriate party or entity for receipt of the

25  payment; said bond to vitiate and otherwise eliminate the obligation of the P&I Underwriter

26  under the LOU once issued.

27

28
Case No.:  3:14-CV-05982-RJB
VERIFIED ANSWER, COUNTERCLAIM, AND THIRD-PARTY
COMPLAINT SEEKING INTERPLEADER AND/OR
DECLARATORY RELIEF - 10

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

34.     Accordingly, in addition to the interpleader relief described above in paragraphs 31-32, upon the posting of the bond approved by the Court, an order should issue enjoining Counter-Defendants, or any other entities joined to these proceedings, from commencing or continuing any action or proceeding anywhere to recover payment relating to the supply of the bunkers, including but not limited to arrest, attachment or other restraint of the vessel or any other property of Hapag-Lloyd.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF

35.     Plaintiff Hapag-Lloyd repeats and reasserts each and every allegation set forth above in paragraphs 1-24, inclusive, as if fully set forth at length herein.

36.     There is an actual case or controversy between Hapag-Lloyd on the one hand and Plaintiff USOT and Counter-Defendants OW Germany, OW Denmark, ING and Credit Agricole on the other involving the rights and obligations of the parties with respect to the payment for the single supply of bunker fuel to the Vessel, including with respect to whether Plaintiff USOT or another party possesses a maritime lien on the Vessel and to whom payment is owed.

37.     In accordance with 28 U.S.C. §§2201-02 and Fed.R.Civ.Proc. 57, Hapag-Lloyd request that the Court enter judgment declaring that Hapag-Lloyd owes payment for the bunker fuel only to one entity to be determined by the Court and that payment to that entity extinguishes any and all obligations of Hapag-Lloyd and the Vessel related to the supply of the bunker fuel.

## THIRD CAUSE OF ACTION: THIRD-PARTY COMPLAINT

38.     Hapag-Lloyd repeats and reasserts each and every allegation set forth above in paragraphs 1-24, inclusive, as if fully set forth at length herein.

39.     Neither Hapag-Lloyd nor the Vessel is liable to Plaintiff USOT for the supply of the bunker fuel at issue and there is no lien on the Vessel.

40.     To the extent any payment is owed to USOT, such is owed by OW Germany, as the alleged principal of OW Denmark with whom USOT contracted; and/or by OW Denmark with whom USOT contracted; and/or by ING and/or Credit Agricole as the assignees of OW Germany or OW Denmark.

Case No.:  3:14-CV-05982-RJB
VERIFIED ANSWER, COUNTERCLAIM, AND THIRD-PARTY
COMPLAINT SEEKING INTERPLEADER AND/OR
DECLARATORY RELIEF - 11

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

41.     Accordingly, as an alternative to the foregoing causes of action for interpleader and declaratory judgment relief, Hapag-Lloyd also files this Third-Party Complaint pursuant to Fed.R.Civ.Proc. 14 against OW Germany, OW Denmark, ING and Credit Agricole.

**WHEREFORE**, Hapag-Lloyd respectfully prays for the following:

(a)     that process in due form of law may issue against Counter-Defendants/Third-Party Defendants citing each to appear and answer the matters set forth above and directing them to file their claims for payment related to the supply of bunkers to the M/V VIENNA EXPRESS in these proceedings for the Court to adjudicate the proper entity to which payment is due, failing which a default will be entered against them;

(b)     that the Court determine to whom payment is due for the supply of the bunker fuel to the M/V VIENNA EXPRESS, and that upon such payment, Hapag-Lloyd and the vessel be discharged from all liability with respect to the supply of the bunkers as to all other parties and entities;

(c)     that upon the posting of security as approved by the Court, an order issue, in accordance with 28 U.S.C. §1335(a)(1) and §2361, precluding the commencement of or continuation of any action or proceeding anywhere to recover payment relating to the supply of the bunkers, including but not limited to arrest, attachment or other restraint of the vessel or any other property of Hapag-Lloyd;

(d)     that, in the alternative, the Court enter a declaratory judgment declaring that Hapag-Lloyd owes payment for the bunker fuel only to one entity to be determined by the Court and that payment to that entity extinguishes any and all obligations of Hapag-Lloyd and the Vessel to any other entity related to the supply of the bunker fuel;

/ /

/ /

/ /

/ /

/ /

Case No.:  3:14-CV-05982-RJB
VERIFIED ANSWER, COUNTERCLAIM, AND THIRD-PARTY
COMPLAINT SEEKING INTERPLEADER AND/OR
DECLARATORY RELIEF - 12

1    (e)    that Hapag-Lloyd have such other and further relief as may be deemed just and

2 proper including but not limited to the attorney's fees and costs to which Hapag-Lloyd is entitled

3 under relevant statutes.

4    DATED this 11th day of February, 2015.

5

6                                        /s/ Philip R. Lempriere

7                                        Philip R. Lempriere, WSBA No. 20304
                                         Attorneys for Defendants

8                                        Keesal, Young & Logan
                                         1301 Fifth Avenue, Suite 3300

9                                        Seattle, Washington  98101
                                         Telephone:  (206) 622-3790

10                                       Facsimile:  (206) 343-9529
                                         Email:  philip.lempriere@kyl.com

11

                                         /s/ Michael Fernandez

12                                       Michael Fernandez, *admitted pro hac vice*
                                         Peter J. Gutowski, *admitted pro hac vice*

13                                       Freehill, Hogan & Mahar LLP
                                         Attorneys for Claimaint

14                                       Hapag-Lloyd Aktiengesellschaft
                                         80 Pine Street

15                                       New York, New York 10005
                                         Telephone:    (212) 425-1900

16                                       Facsimilie:    (212) 425-1901
                                         Email:  fernandez@freehill.com

17                                                gutowski@freehill.com

18

19

20

21

22

23

24

25

26

27

28

Case No.:  3:14-CV-05982-RJB
VERIFIED ANSWER, COUNTERCLAIM, AND THIRD-PARTY
COMPLAINT SEEKING INTERPLEADER AND/OR
DECLARATORY RELIEF - 13

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on the date given below, I electronically filed the foregoing

3

VERIFIED ANSWER, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT SEEKING

4

INTERPLEADER AND/OR DECLARATORY RELIEF with the Clerk of the Court using the

5

CM/ECF system which will send electronic notification of such filing to the following persons:

6

Christopher W. Nicoll, Esq.

7

Jeremy Jones, Esq.
Nicoll Black & Feig PLLC

8

1325 4th Avenue, Suite 1650
Seattle, WA  98101-2573

9

Email: cnicoll@nicollblack.com
        jjones@nicollblack.com

10

Attorneys for Plaintiff

11

DATED this 11th day of February, 2015, at Seattle, Washington.

12

13

_Hillary Thelen_

_____

Hillary Thelen

14

15

KYL_SE104203

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.:  3:14-CV-05982-RJB
VERIFIED ANSWER, COUNTERCLAIM, AND THIRD-PARTY
COMPLAINT SEEKING INTERPLEADER AND/OR
DECLARATORY RELIEF - 14