Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| U.S. OIL TRADING LLC,<br>　　　　　　　　　　Plaintiff(s),<br>v.<br>M/V VIENNA EXPRESS, her tackle, boilers, apparel, furniture, engines, appurtenances, etc., in rem, and M/V SOFIA EXPRESS, her tackle, boilers, apparel, furniture, engines, appurtenances, etc., in rem,<br>　　　　　　　　　　Defendant(s). | NO. 14-CV-05982-RJB<br><br>VERIFIED ANSWER, INTERPLEADER CLAIMS, AND COUNTERCLAIM IN RESPONSE TO THIRD-PARTY COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT |
| HAPAG-LLOYD AKTIENGESELLSCHAFT, as claimant to the in rem defendant M/V VIENNA EXPRESS,<br>　　　　　　　　　　Third-party Plaintiff(s),<br>v.<br>O.W. BUNKER GERMANY GMBH, O.W. BUNKER & TRADING A/S, ING BANK N.V., CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK, a division or arm of CREDIT AGRICOLE S.A.,<br>　　　　　　　　　　Third-party Defendant(s). | |

VERIFIED ANSWER, INTERPLEADER CLAIMS, AND
COUNTERCLAIM IN RESPONSE TO THIRD-PARTY
COMPLAINT FOR INTERPLEADER AND
DECLARATORY JUDGMENT - 1
10623-0001 Document in ProLaw
Case No. 14-CV-05982-RJB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

Third-party defendant/interpleader claimant/counterclaimant O.W. Bunker Germany GmbH ("OWG"), by and through its undersigned counsel, hereby files its Verified Answer, Interpleader Claims, and Counterclaim in response to the Third-Party Complaint for Interpleader and Declaratory Judgment (the "Third-Party Complaint") of Hapag-Lloyd Aktiengesellschaft ("HLAG") and respectfully states as follows:

1. OWG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Third-Party Complaint.

2. OWG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Third-Party Complaint.

3. OWG admits that it is a business entity organized and existing by German law with a principal place of business at Neumühlen 11, 22763 Hamburg, Germany. The remaining allegations in paragraph 3 of the Third-Party Complaint are conclusions of law that do not require a response. To the extent a response is required, OWG denies the allegations in paragraph 3 of the Third-Party Complaint.

4. OWG admits that O.W. Bunker & Trading A/S is a business entity organized and existing under Danish law with a principal place of business at Stigsborgvej 60, DK-9400, Nørresundby, Denmark. The remaining allegations in paragraph 4 of the Third-Party Complaint are conclusions of law that do not require a response. To the extent a response is required, OWG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4 of the Third-Party Complaint.

5. OWG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Third-Party Complaint.

VERIFIED ANSWER, INTERPLEADER CLAIMS, AND
COUNTERCLAIM IN RESPONSE TO THIRD-PARTY
COMPLAINT FOR INTERPLEADER AND
DECLARATORY JUDGMENT - 2
10623-0001 Document in ProLaw
Case No. 14-CV-05982-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

6. OWG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Third-Party Complaint.

7. The allegations in paragraph 7 of the Third-Party Complaint are conclusions of law that do not require a response. To the extent a response is required, OWG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Third-Party Complaint.

8. The allegations in paragraph 8 of the Third-Party Complaint are conclusions of law that do not require a response. To the extent a response is required, OWG denies that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1335 insofar as HLAG has not tendered funds for deposit into the Registry of the Court that stand as security or serve as the substitute *res* for the VIENNA EXPRESS *in rem* and/or for the payment obligation of HLAG relating to the supply of bunkers to that vessel.

9. Paragraph 9 of the Third-Party Complaint does not contain any allegations to which a response is required.

10. The allegations in paragraph 10 of the Third-Party Complaint are conclusions of law that do not require a response. To the extent a response is required, OWG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Third-Party Complaint.

11. The allegations in paragraph 11 of the Third-Party Complaint are conclusions of law that do not require a response. To the extent a response is required, OWG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Third-Party Complaint.

12. The allegations in paragraph 12 of the Third-Party Complaint are conclusions of law that do not require a response. To the extent a response is required,

VERIFIED ANSWER, INTERPLEADER CLAIMS, AND
COUNTERCLAIM IN RESPONSE TO THIRD-PARTY
COMPLAINT FOR INTERPLEADER AND
DECLARATORY JUDGMENT - 3
10623-0001 Document in ProLaw
Case No. 14-CV-05982-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

OWG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Third-Party Complaint.

13. The allegations in paragraph 13 of the Third-Party Complaint are conclusions of law that do not require a response. To the extent a response is required, OWG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Third-Party Complaint.

14. The allegations in paragraph 14 of the Third-Party Complaint are conclusions of law that do not require a response. To the extent a response is required, OWG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Third-Party Complaint.

15. The allegations in paragraph 15 of the Third-Party Complaint are conclusions of law that do not require a response. To the extent a response is required, OWG denies the allegations of paragraph 15 of the Third-Party Complaint.

16. OWG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Third-Party Complaint.

17. OWG admits that it entered into a contract with HLAG, a copy of which is attached to the Third-Party Complaint as Exhibit 1, together with HLAG's Marine Fuel Oil Terms & Conditions of Purchase. The documents attached to the Third-Party Complaint as Exhibit 1 speak for themselves, and therefore OWG denies any characterization of those documents by HLAG.

18. OWG admits the allegations in paragraph 18 of the Third-Party Complaint.

19. OWG admits that, in or about October 2014, HLAG submitted an order to OWG for the supply of bunkers to the VIENNA EXPRESS, and that bunkers were provided at the Port of Tacoma, Washington, ostensibly by USOT pursuant to a

VERIFIED ANSWER, INTERPLEADER CLAIMS, AND COUNTERCLAIM IN RESPONSE TO THIRD-PARTY COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT - 4
10623-0001 Document in ProLaw
Case No. 14-CV-05982-RJB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

subcontract with OW USA. OWG further admits that copies of certain documents relating to the purchase, sale and delivery of the bunkers are attached to the Third-Party Complaint as Exhibit 2. Otherwise, OWG denies the remaining allegations in paragraph 19 of the Third-Party Complaint.

20. OWG admits the allegations in paragraph 20 of the Third-Party Complaint.

21. OWG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Third-Party Complaint.

22. OWG denies making any threat to arrest the VIENNA EXPRESS. OWG admits that a letter of undertaking dated November 28, 2014 (the "LOU") is attached to the Complaint as Exhibit 3. The LOU is a document that speaks for itself, and therefore OWG denies characterization of that LOU by HLAG. Otherwise, OWG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 22 of the Third-Party Complaint.

23. OWG admits that U.S. Oil Trading LLC ("USOT") filed a Verified Complaint in this action on December 17, 2014 (Dkt. 1). The Verified Complaint is a pleading that speaks for itself, and therefore OWG denies any characterization of that pleading by HLAG.

24. The allegations in paragraph 24 of the Third-Party Complaint constitute a Prayer for Relief to which no response is required. To the extent a response is required, OWG lacks knowledge or information sufficient to form a belief as to whether HLAG is entitled to the relief requested therein.

25. OWG repeats and incorporates its averments with respect to the allegations of the Third-Party Complaint above, as if fully set forth herein.

VERIFIED ANSWER, INTERPLEADER CLAIMS, AND
COUNTERCLAIM IN RESPONSE TO THIRD-PARTY
COMPLAINT FOR INTERPLEADER AND
DECLARATORY JUDGMENT - 5
10623-0001 Document in ProLaw
Case No. 14-CV-05982-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

26. OWG admits that it is entitled to payment from HLAG in the amounts due and owing for the bunkers supplied to the VIENNA EXPRESS, together with costs, interest, and attorneys' fees. Otherwise, OWG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 26 of the Third-Party Complaint.

27. OWG admits that HLAG has made no payments to OWG with respect to the supply of bunkers to the VIENNA EXPRESS, but otherwise OWG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 27 of the Third-Party Complaint.

28. The allegations in paragraph 28 of the Third-Party Complaint are conclusions of law that do not require a response. To the extent a response is required, OWG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Third-Party Complaint.

29. The allegations in paragraph 29 of the Third-Party Complaint are conclusions of law that do not require a response. To the extent a response is required, OWG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Third-Party Complaint.

30. The allegations in paragraph 30 of the Third-Party Complaint are conclusions of law that do not require a response. To the extent a response is required, OWG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Third-Party Complaint.

31. The allegations in paragraph 31 of the Third-Party Complaint are conclusions of law that do not require a response. To the extent a response is required,

VERIFIED ANSWER, INTERPLEADER CLAIMS, AND
COUNTERCLAIM IN RESPONSE TO THIRD-PARTY
COMPLAINT FOR INTERPLEADER AND
DECLARATORY JUDGMENT - 6
10623-0001 Document in ProLaw
Case No. 14-CV-05982-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

OWG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Third-Party Complaint.

32. The allegations in paragraph 32 of the Third-Party Complaint are conclusions of law that do not require a response. To the extent a response is required, OWG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Third-Party Complaint.

33. The allegations in paragraph 33 of the Third-Party Complaint are conclusions of law that do not require a response. To the extent a response is required, OWG admits that LOU should be cancelled, returned, and replaced by a bond that fully secures the claims of all parties to this action. Otherwise, OWG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 33 of the Third-Party Complaint.

34. The allegations in paragraph 34 of the Third-Party Complaint constitute a Prayer for Relief to which no response is required. To the extent a response is required, OWG lacks knowledge or information sufficient to form a belief as to whether HLAG is entitled to the relief requested therein.

35. OWG repeats and incorporates its averments with respect to the allegations of the Third-Party Complaint above, as if fully set forth herein.

36. The allegations in paragraph 36 of the Third-Party Complaint are conclusions of law that do not require a response. To the extent a response is required, OWG lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Third-Party Complaint.

37. The allegations in paragraph 37 of the Third-Party Complaint constitute a Prayer for Relief to which no response is required. To the extent a response is

VERIFIED ANSWER, INTERPLEADER CLAIMS, AND
COUNTERCLAIM IN RESPONSE TO THIRD-PARTY
COMPLAINT FOR INTERPLEADER AND
DECLARATORY JUDGMENT - 7
10623-0001 Document in ProLaw
Case No. 14-CV-05982-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

required, OWG lacks knowledge or information sufficient to form a belief as to whether HLAG is entitled to the relief requested therein.

38.  OWG repeats and incorporates its averments with respect to the allegations of the Third-Party Complaint above, as if fully set forth herein.

39.  The allegations in paragraph 39 of the Third-Party Complaint are conclusions of law that do not require a response. To the extent a response is required, OWG asserts that is entitled to payment from HLAG in the amount due and owing for the supply of bunker fuel at issue. OWG further admits that USOT does not have a maritime lien against the Vessel.

40.  The allegations in paragraph 40 of the Third-Party Complaint are conclusions of law that do not require a response. To the extent a response is required, OWG denies that it owes any payment to USOT as the alleged principal of O.W. Bunker & Trading A/S. Otherwise, OWG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 40 of the Third-Party Complaint.

41.  Paragraph 41 of the Third-Party Complaint does not contain any allegations to which a response is required.

## AFFIRMATIVE DEFENSES

42.  **First Affirmative Defense.** HLAG has failed to state claims upon which relief can be granted.

43.  **Second Affirmative Defense.** Venue in this District is improper and/or inconvenient.

44.  **Third Affirmative Defense.** The Court lacks subject matter jurisdiction over interpleader claims arising from the supply of bunkers to the VIENNA EXPRESS to

VERIFIED ANSWER, INTERPLEADER CLAIMS, AND
COUNTERCLAIM IN RESPONSE TO THIRD-PARTY
COMPLAINT FOR INTERPLEADER AND
DECLARATORY JUDGMENT - 8
10623-0001 Document in ProLaw
Case No. 14-CV-05982-RJB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

the extent that HLAG has not complied with 28 U.S.C. § 1335(a)(2) by tendering funds for deposit into the Registry of the Court that stand as security or serve as the substitute *res* for the VIENNA EXPRESS *in rem* and/or for the payment obligation of HLAG relating to the supply of bunkers to that vessel.

45. **Fourth Affirmative Defense.** OWG is entitled to any and all defenses and rights provided for in the terms of the operative contract between HLAG and OWG, and hereby reserves the right to enforce the same in this action.

46. **Fifth Affirmative Defense.** OWG is entitled to any and all defenses, rights, exemptions, and immunities that exist and may apply under German bankruptcy law on account of the insolvency proceedings commenced by OWG in Hamburg, Germany, and OWG hereby reserves the right to enforce the same in this action.

47. **Sixth Affirmative Defense.** Pursuant to Fed. R. Civ. P. 44.1., OWG gives notice of, and reserves its right, to rely on foreign law to the extent that it may be applicable.

48. **Seventh Affirmative Defense.** HLAG has failed to mitigate its damages, if any.

49. **Eighth Affirmative Defense.** By filing its Third-Party Complaint, HLAG has prompted the assertion of invalid and/or inferior claims by other third-party defendants, and therefore HLAG is estopped from seeking the recovery of costs, expenses, and attorneys' fees from any funds or bond subsequently tendered by HLAG for deposit into the Registry of the Court as security and/or substitute *res* for the Vessel and/or the payment obligation of HLAG relating to the supply of bunkers.

50. **Ninth Affirmative Defense.** The claims asserted and/or the relief sought by HLAG in its Third-Party Complaint are duplicative of the claims asserted and/or relief

VERIFIED ANSWER, INTERPLEADER CLAIMS, AND
COUNTERCLAIM IN RESPONSE TO THIRD-PARTY
COMPLAINT FOR INTERPLEADER AND
DECLARATORY JUDGMENT - 9
10623-0001 Document in ProLaw
Case No. 14-CV-05982-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

sought by HLAG in a related, first-filed action pending in the U.S. District Court for the Southern District of New York (14-cv-9949), and therefore the same may be precluded, in whole or in part, by the doctrine of *res judicata* and/or collateral estoppel.

51. **Tenth Affirmative Defense.** The costs, expenses, and attorneys' fees incurred by HLAG in this action will not exceed the ordinary cost of doing business, and therefore the same are not recoverable any funds or bond subsequently tendered by HLAG for deposit into the Registry of the Court as security and/or substitute *res* for the Vessel and/or the payment obligation of HLAG relating to the supply of bunkers.

52. **Eleventh Affirmative Defense.** The costs, expenses, and attorneys' fees incurred by HLAG in this action are not recoverable from any funds or bond subsequently tendered by HLAG for deposit into the Registry of the Court as security and/or substitute *res* for the Vessel and/or the payment obligation of HLAG relating to the supply of bunkers, because they do not take priority over OWG's claims.

53. **Twelfth Affirmative Defense.** OWG has not knowingly or voluntarily waived any applicable affirmative defense and hereby reserves the right to supplement the foregoing and raise additional affirmative defenses as may appear during the progress of this case to the fullest extent allowed under the controlling applicable law.

## INTERPLEADER CLAIMS

54. OWG repeats and incorporates its averments with respect to the allegations of the Third-Party Complaint above, as if fully set forth herein.

55. On or about October 9, 2014, HLAG placed an order with OWG for the supply of bunker fuel to the VIENNA EXPRESS at the Port of Tacoma, Washington.

VERIFIED ANSWER, INTERPLEADER CLAIMS, AND
COUNTERCLAIM IN RESPONSE TO THIRD-PARTY
COMPLAINT FOR INTERPLEADER AND
DECLARATORY JUDGMENT - 10
10623-0001 Document in ProLaw
Case No. 14-CV-05982-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

56. By Sales Order Confirmation dated October 9, 2014, OWG confirmed the sale of 2,700.00 metric tons of bunker fuel to HLAG at a price of $528.00 USD per metric ton.

57. HLAG's submission of fuel orders to OWG in Hamburg, Germany for delivery to ports on the U.S. West Coast typically required a series of arms-length transactions to procure the bunkers and to supply the receiving vessels.

58. Accordingly, OWG then entered into a transaction with one or more entities within the O.W. Bunker Group (comprised of various direct or indirect subsidiaries of the Danish parent company O.W. Bunker A/S) to purchase the bunker fuel to be supplied to the VIENNA EXPRESS at the Port of Tacoma.

59. In entering into such transactions, OWG was not acting as a broker for or as agent of HLAG.

60. Ultimately, OW USA subcontracted with USOT to purchase and deliver the bunker fuel to the VIENNA EXPRESS at the Port of Tacoma.

61. On or about October 18, 2014, OWG issued an invoice to HLAG in the amount of $1,431,371.04 USD and provided HLAG with a bunker delivery receipt, confirming that 2,710.93 metric tons of bunker fuel had been delivered to the VIENNA EXPRESS at the Port of Tacoma.

62. Despite due demand, OWG has not been compensated by HLAG for the supply of bunker fuel to the VIENNA EXPRESS.

63. HLAG has admitted in a related interpleader action commenced by HLAG in the U.S. District Court for the Southern District of New York (14-cv-9949, hereinafter "Related Action," Dkt. 1 at Complaint ¶ 19) that, in the normal course of business, it would remit payment directly to OWG for bunkers supplied under such fuel orders, and

VERIFIED ANSWER, INTERPLEADER CLAIMS, AND COUNTERCLAIM IN RESPONSE TO THIRD-PARTY COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT - 11
10623-0001 Document in ProLaw
Case No. 14-CV-05982-RJB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

that whatever arrangements existed downstream of OWG to its affiliates and/or subcontractors were unknown to HLAG.

64. Consistent with HLAG's admission, third-party defendant ING Bank N.V. ("ING") has conceded in the Related Action (14-cv-9949, Dkt. 57 at Counterclaim ¶ 9) that HLAG is obligated to pay OWG in the first instance for the bunkers delivered to the VIENNA EXPRESS, while reserving the right to claim over or against those funds in the German insolvency proceedings commenced by OWG.

65. No other party to this action contracted directly with HLAG to supply the VIENNA EXPRESS with bunker fuel at the Port of Tacoma in October 2014, and therefore OWG is the only party that stands in privity of contract with HLAG in connection with the subject bunker order.

66. OWG has duly performed all duties, obligations, and conditions precedent to be performed on its part.

67. Accordingly, HLAG has breached its agreement with OWG for the purchase of bunker fuel delivered to the VIENNA EXPRESS at the Port of Tacoma, and OWG is entitled to payment from HLAG in accordance with the parties' agreement and course of dealing.

68. OWG reserves the right to claim against any funds or bond subsequently tendered by HLAG for deposit into the Registry of the Court as security and/or substitute *res* for the Vessel and/or the payment obligation of HLAG relating to the supply of bunkers.

69. In addition, OWG may have a maritime lien against the VIENNA EXPRESS for the supply of necessaries to the exclusion of all other parties.

VERIFIED ANSWER, INTERPLEADER CLAIMS, AND COUNTERCLAIM IN RESPONSE TO THIRD-PARTY COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT - 12
10623-0001 Document in ProLaw
Case No. 14-CV-05982-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

70. By reason of the premises, OWG seeks to recover damages against HLAG and/or the VIENNA EXPRESS in an amount of no less than $1,431,371.04, together with costs, expenses, interest, and reasonable attorneys' fees.

### COUNTERCLAIM AGAINST HLAG

71. OWG repeats and incorporates its averments with respect to the allegations of the Complaint and Interpleader Claims above, as if fully set forth herein.

72. To the extent that the Bond is insufficient to satisfy the payment obligations of HLAG to OWG for the supply of bunker fuel to the VIENNA EXPRESS, including the costs, expenses, and reasonable attorneys' fees incurred by OWG in this action, OWG is entitled to additional recoveries against HLAG in an amount subject to proof.

### PRAYER FOR RELIEF

WHEREFORE, third-party defendant / interpleader claimant / counter-claimant O.W. Bunker Germany GmbH prays:

i. That the claims of the other defendants be dismissed with prejudice;

ii. That judgment be entered in favor of OWG on its Interpleader Claims in an aggregate amount of no less than $1,431,371.04, together with costs, expenses, interest, and reasonable attorneys' fees;

iii. That judgment be entered against HLAG, awarding OWG the damages and relief sought in its Counterclaim; and

iv. For such other and further relief as the Court deems just and proper.

VERIFIED ANSWER, INTERPLEADER CLAIMS, AND COUNTERCLAIM IN RESPONSE TO THIRD-PARTY COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT - 13
10623-0001 Document in ProLaw
Case No. 14-CV-05982-RJB

PREG O'DONNELL & GILLETT PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

DATED this 24th day of July, 2015.

        PREG O'DONNELL & GILLETT PLLC

By /s/ Rodney Q. Fonda
    Rodney Q. Fonda, WSBA #6594
Attorneys for Third-Party Defendant O.W. Bunker Germany GmbH
901 Fifth Avenue, Suite 3400
Seattle, Washington 98164
Firm Email:
    rfonda@pregodonnell.com

VERIFIED ANSWER, INTERPLEADER CLAIMS, AND
COUNTERCLAIM IN RESPONSE TO THIRD-PARTY
COMPLAINT FOR INTERPLEADER AND
DECLARATORY JUDGMENT - 14
10623-0001  Document in ProLaw
Case No.  14-CV-05982-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

## VERIFICATION

I, Dr. Gideon Boehm, verify pursuant to 28 U.S.C. § 1746 as follows:

1. I have been appointed as the German insolvency administrator over the assets of defendant O.W. Bunker Germany GmbH;

2. I have read the foregoing Answer, Interpleader Claims, and Counterclaim; and

3. The facts alleged therein are true and correct to the best of my knowledge, information, and belief after reasonable inquiry.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 24 day of July 2015 in Hamburg, Germany.

_____
Dr. Gideon Boehm, *as insolvency administrator*

VERIFIED ANSWER, INTERPLEADER CLAIMS, AND COUNTERCLAIM IN RESPONSE TO THIRD-PARTY COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT - 15
10623-0001 Document in ProLaw
Case No. 14-CV-05982-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

# DECLARATION OF SERVICE

I hereby declare that on this day I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record listed below:

**Counsel for Plaintiff/Counter-Defendant U.S. Oil Trading LLC:**
Christopher W. Nicoll, Esq. WSBA #20771
Jeremy Jones, Esq. WSBA #44138
Nicoll Black & Feig PLLC
cnicoll@nicollblack.com

**Counsel for Plaintiff U.S. Oil Trading, LLC:**
Casey D. Burlage, Esq. adm. pro hac vice
Corey Russell Greenwald, Esq. adm. pro hac vice
John R. Keough, Esq. adm. pro hac vice
Clyde & Co US LLP
casey.burlage@clydeco.us

**Counsel for Defendants/Third-party Plaintiff M/V Vienna Express and M/V Sofia Express:**
Philip R. Lempriere WSBA #20304
Keesal, Young & Logon
philip.lempriere@kyl.com

**Counsel for Defendants/Third-party Plaintiff M/V Vienna Express and M/V Sofia Express:**
Michael Fernandez, Esq. adm. pro hac vice
Peter J. Gutowski, Esq. adm. pro hac vice
Gina M. Venezia, Esq. NY Bar #3909397
Freehill, Hogan & Mahar LLP
fernandez@freehill.com

**Counsel for Third-party Defendant ING Bank, N.V.:**
Steven W. Block, Esq. WSBA #24299
Foster Pepper, PLLC
sblock@foster.com

DATED at Seattle, Washington, this 24th day of July, 2015.

/s/ Rodney Q. Fonda
Rodney Q. Fonda, WSBA #6594

VERIFIED ANSWER, INTERPLEADER CLAIMS, AND COUNTERCLAIM IN RESPONSE TO THIRD-PARTY COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT - 16
10623-0001 Document in ProLaw
Case No. 14-CV-05982-RJB

**PREG O'DONNELL & GILLETT** PLLC
901 FIFTH AVE., SUITE 3400
SEATTLE, WASHINGTON 98164-2026
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113