**The Honorable Robert J. Bryan**

1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 **FOR THE WESTERN DISTRICT OF WASHINGTON**

9 **AT TACOMA**

| | |
|---|---|
| 10  U.S. OIL TRADING LLC, | IN ADMIRALTY |
| 11  Plaintiff, | Case No. 3:14-cv-05982-RJB |
| 12  vs. | **DECLARATION OF MICHAEL FERNANDEZ** |

13  M/V VIENNA EXPRESS, her tackle, boilers,
14  apparel, furniture, engines, appurtenances, etc.,
      *in rem*, and M/V SOFIA EXPRESS, her tackle,
15  boilers, apparel, furniture, engines,
      appurtenances, etc., *in rem*, and Hapag-Lloyd
16  Aktiengesellschaft, *as claimant to the in rem*
      *defendant M/V VIENNA EXPRESS,*
17

18  Defendants and Third-Party Plaintiff.

19  O.W. BUNKER GERMANY GMBH, O.W.
20  BUNKER & TRADING A/S, ING BANK
      N.V., CREDIT AGRICOLE CORPORATE
21  AND INVESTMENT BANK, a division or
      arm of CREDIT AGRICOLE S.A.,
22

23  Third-Party Defendants.

24

25      Michael Fernandez declares as follows under the penalty of perjury of the laws of the

26  United States:

27

28  Case No.:  3:14-CV-05982-RJB
      DECLARATION OF MICHAEL FERNANDEZ - 1
      436962.1

1.      I am an attorney admitted *pro hac vice* to practice before this Court and a partner at Freehill Hogan & Mahar LLP. Our office represents Hapag-Lloyd Aktiengesellschaft ("Hapag"), which is the claimant to the M/V VIENNA EXPRESS, the *in rem* defendant (hereinafter the "Vessel"), and which is also the plaintiff in interpleader that was filed via a counterclaim and third-party complaint seeking a determination as to whom the payment obligation is owed arising out of a single supply of bunkers to the Vessel in or about October 2014 at Tacoma, Washington.

2.      I am also lead counsel for Hapag in the case styled *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading, et al.*, 14-cv-9949 (VEC), that is currently pending in the United States District Court for the Southern District of New York. The aforesaid action is one of twenty-five (25) related interpleader actions currently pending before District Judge Valerie Caproni arising out of the global bankruptcy of the OW Bunker group of companies.

3.      I make this declaration based upon my personal knowledge, including information contained in my file and in the Court record, and submit it for the purpose of introducing the following exhibits consisting of various documents and pleadings related to these and the New York proceedings (to which, as mentioned, USOT is also a party).  I also submit this declaration pursuant to FED. R. CIV. P. 56(d), in support of Hapag's Rule 56(d) argument seeking a denial of the summary judgment motion filed by USOT without prejudice to renewal after discovery.

### INTRODUCTION OF EXHIBITS

4.      The following documents are true and accurate copies of the documents described herein:

| Ex. No. | Description |
|---------|-------------|
| H9 | Numerous newspaper reports confirming that the OW entities were known to be "traders" and "suppliers." |
| H11 | Interpleader complaint filed by Hapag in New York on December 17, 2015 (filed earlier the same day as the captioned suit was filed by USOT). |
| H12 | Transcript from the December 18, 2015, hearing before the New |

Case No.:  3:14-CV-05982-RJB
DECLARATION OF MICHAEL FERNANDEZ - 2
436962.1

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

| Ex. No. | Description |
|---------|-------------|
| | York Court on Hapag's application for an interpleader restraining order and approval of the proposed bond, at which hearing counsel for USOT, ING and OW Germany were in attendance. |
| H13 | New York Court's interpleader order. |
| H14 | Emails sent to counsel for USOT following issuance of the New York Court's order requesting confirmation about USOT's intentions regarding the arrest and order and emails sent to the New York Court alerting Judge Caproni of USOT's failure to respond. |
| H15 | New York Court's order following Hapag's request for telephone conference to confirm USOT's intentions with respect to restraining order and arrest actions. |
| H16 | First joint brief filed by USOT and one other physical supplier (NuStar) in New York pleadings contesting the propriety of the interpleader. |
| H17 | Second joint brief filed by USOT and one other physical supplier (NuStar) in New York pleadings contesting the propriety of the interpleader. |
| H18 | New York Court's opinion upholding the exercise of interpleader jurisdiction and rejecting the arguments of USOT and NuStar. |

5.    I am also attaching to this declaration copies of recent decisions issued in other cases involving the OW bankruptcy and claims for payment arising out of the supply of bunkers, in which cases the courts declined to address the lien claims until discovery. These decisions include the following:

| | |
|-----|---------|
| H19 | Decision in *Barcliff, LLC v. M/V DEEP BLUE*, CA 14-0590-C (Dkt. 50) (S.D. Ala. June 9, 2015). |
| H20 | Decision in *Aegean Bunkering (USA) LLC v. M/T AMAZON, et al.*, 14-cv-9447 (KBF) (July 1, 2015). |

Case No.:  3:14-CV-05982-RJB
DECLARATION OF MICHAEL FERNANDEZ - 3
436962.1

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

H21      Decision in *Martin Energy Services, LLC v. M/V BOURBON PETREL, et al.*, Civil Action No. 14-2986, (Dkt. 42) (E.D. La. May 14, 2015).

### RULE 56(D) REQUEST

6.      As the docket reflects, Hapag commenced an interpleader proceeding in this case on February 11, 2015, naming as additional parties those entities that are claiming (or may claim) the right to be paid by Hapag for the same bunkers for which USOT is claiming payment, consisting of the following: USOT, O.W. Bunker Germany GmbH ("OW Germany"), O.W. Bunker & Trading A/S ("OW Denmark"), ING Bank N.V. ("ING") and Crédit Agricole CIB ("Agricole"). Before these entities even appeared in the case and filed answers in this action, USOT moved for a summary determination that it holds a lien on the Vessel and is therefore the rightful recipient of payment for the bunkers supplied to the VIENNA EXPRESS.

7.      As explained fully in Hapag's accompanying memorandum, USOT's arguments on its lien claim involve a number of factual issues to which Hapag cannot effectively respond without the ability to conduct even basic discovery of the parties to this litigation. Such issues include the nature of the roles of the parties in the transaction and the parties' respective understanding of those roles;[1] USOT's current and past dealings with any OW entities and assertions that USOT did not understand that those entities were acting as traders for their own accounts and did not have authority to bind any vessels; USOT's alleged reliance upon the credit of the Vessel  as opposed to the credit of the OW entities with whom USOT solely contracted and interacted with during the transaction; and the validity of other parties claiming a lien on other basis to be paid for the same bunkers.

8.      Accordingly, to be in a position to respond to USOT's lien arguments, discovery is needed on various topics from USOT and the other parties, including but not limited to (i) the documents and communications exchanged between USOT and its contracting counterparty

---

[1] USOT's failure to mention in its pleadings and moving papers any role of OW USA in the transaction when there is clear documentary evidence to the contrary (*See* Ex. H6), highlights the need for discovery as to this point.

Case No.:  3:14-CV-05982-RJB
DECLARATION OF MICHAEL FERNANDEZ - 4
436962.1

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

(OW USA and/or OW Denmark) at the time the bunker orders were placed; (ii) the communications, if any, among USOT, OW USA and/or OW Denmark, and OW Germany regarding the bunker orders and any representations made by those entities to one another about their authority; (iii) whether USOT has ever received payment directly from a vessel owner or charterer for bunkers ordered through OW USA and/or OW Denmark; (iv) any steps that USOT undertook to investigate the credit of the vessel, upon which USOT claims to have relied; (v) any steps that USOT undertook to investigate the purported authority of OW USA and/or OW Denmark to bind the vessels to a lien; (vi) USOT's understanding of the purpose and requirements of the bunker delivery receipts; (vii) the customary practice in the bunker supplier industry concerning the tender of bunker delivery receipts; and (viii) the nature of the relationships of the parties in the chain and their respective understanding of such.

9.    These areas lie at the heart of the arguments advanced by USOT and discovery as to such topics will create genuine issues of material fact for trial because Hapag submits that it will demonstrate one or more the following:

- that USOT understood  it was dealing with an OW entity without authority to bind the VIENNA EXPRESS under the Act;

- that none of the OW entities manifested to USOT that they were acting as agents or brokers for or on behalf of Hapag or the Vessel;

- that each of the OW entities understood that they were not acting as agents or brokers for Hapag or the Vessel, but rather were buying and selling the bunkers for their own account.

- that Hapag ordered the fuel for the VIENNA EXPRESS directly and only from OW Germany as seller and not from USOT;

- that USOT did not rely upon the credit of the vessel in supplying the bunkers and/or waived any reliance by dealing solely with the OW entity, due to the fact that, it is believed, USOT had extensive experience with the OW entities and looked to them for payment of any bunkers supplied and took no steps to verify the creditworthiness of the Vessel but only of the OW entities;

- that customary and controlling practice within the bunker industry shows that bunker delivery receipts are entirely inconsequential as to the question of whether a bunker supplier meets the express requirements of the Act to obtain a maritime lien;

Case No.:  3:14-CV-05982-RJB
DECLARATION OF MICHAEL FERNANDEZ - 5
436962.1

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

- that USOT understood the limited purpose of the bunker delivery receipt and hence understood that it did not create any substantive rights;

10.    Hapag intends to conduct the necessary discovery of these and other relevant topics through document discovery, but moreover, by deposing key witnesses. Such depositions will include, among others, a representative of USOT so as to be in a position to examine the credibility of the statements and assertions made by USOT with its motion and ascertain whether those assertions are belied by the course of dealings between the parties and the custom in the industry.

11.    With respect to Hapag's diligence in conducting discovery, Hapag served USOT with discovery, less than one week after the parties filed the Joint Status Report and Discovery Plan (before which discovery could not begin).  In particular, on June 4, 2015 (before USOT filed its summary judgment motion), Hapag served USOT with a first request for the production of documents, a copy of which is attached hereto as **Exhibit H22**).  USOT's counsel requested a two-week extension of time to reply to the document requests, which Hapag granted as a matter of professional courtesy. USOT is now required to respond to the requests by July 27, 2015, which is the very same day Hapag's opposition to USOT's summary judgment motion is due.

12.    With respect to the other parties to this action (*i.e.* OW Germany, ING, etc.), document discovery has not yet been served on them because they have only recently appeared in this action, and further because OW Germany has moved to transfer the case to the Southern District of New York. (Dkt. 43)   The other parties had not appeared when USOT and Hapag submitted the Joint Status Report and proposed Discovery Plan, which had proposed a discovery deadline of December 15, 2015. The proposed plan has not yet been approved by the Court, and in a recent conference held in this matter on July 23, 2015, the Court advised that it intends to rule of the aforesaid transfer motion before setting a scheduling order (for discovery, etc.)

Case No.:  3:14-CV-05982-RJB
DECLARATION OF MICHAEL FERNANDEZ - 6
436962.1

1       13.     Hapag has not yet deposed any of the parties including USOT because, with

2   respect to USOT, Hapag wants to wait until USOT produces the requested documents and Hapag

3   has the opportunity to review them before deposing the USOT witness. Moreover, it is

4   reasonable to wait to depose USOT until the other parties have fully appeared in the case, as they

5   are contesting USOT's lien claim as well, and it makes better sense to await their full appearance

6   in the case rather than to depose USOT running the risk of having to repeat that deposition for

7   the other parties.

8       14.     We therefore submit that under the circumstances Hapag has acted diligently with

9   respect to the discovery that needs to be conducted to evaluate and test USOT's claim that it

10  holds a lien against the M/V VIENNA EXPRESS.

11      DATED this 27th day of July, 2015 at New York, New York.

12

13

14  _____

15  Michael Fernandez, *admitted pro hac vice*

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.:  3:14-CV-05982-RJB
DECLARATION OF MICHAEL FERNANDEZ - 7
436962.1

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date given below, I electronically filed the foregoing

DECLARATION OF MICHAEL FERNANDEZ with the Clerk of the Court using the CM/ECF

system which will send electronic notification of such filing to the following persons:

| | |
|---|---|
| Christopher W. Nicoll, Esq. | John R. Keough, III, Esq. |
| Jeremy Jones, Esq. | Casey D. Burlage, Esq. |
| Nicoll Black & Feig PLLC | Corey R. Greenwald, Esq. |
| 1325 4th Avenue, Suite 1650 | Clyde & Co US LLP |
| Seattle, WA  98101-2573 | 405 Lexington Avenue, 16th Floor |
| Email: cnicoll@nicollblack.com | New York, NY 10174 |
| jjones@nicollblack.com | Email:  john.keough@clydeco.us |
| Attorneys for Plaintiff | casey.burlage@clydeco.us |
| | corey.greenwald@clydeco.us |
| | Attorneys for Plaintiff |
| | |
| Steven W. Block, Esq. | Rodney Q. Fonda, Esq. |
| Foster Pepper LLC | Preg O'Donnell & Gillett, PLLC |
| 1111 3rd Avenue, Suite 3400 | 901 Fifth Avenue, Suite 3400 |
| Seattle, WA 98101-3299 | Seattle, WA 98164 |
| Email: sblock@foster.com | Email: rfonda@pregodonnell.com |
| Attorneys for Third-Party Defendant | Attorneys for Third-Party Defendants O.W. |
| ING Bank N.V. | Bunker & Trading A/S and O.W. Bunker |
| | Germany GMBH |

DATED this 27th day of July, 2015, at Seattle, Washington.

_Hillary Poole_

Hillary R. Poole

KYL_SE109510

Case No.:  3:14-CV-05982-RJB
DECLARATION OF MICHAEL FERNANDEZ - 8