# Exhibit H 12

```
                                                                        1
      ECIFCLE1

 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x

 3    CLEARLAKE SHIPPING PTE LTD.,

 4                 Plaintiff,

 5              v.                              14 CV 9286 (VEC)

 6    O.W. BUNKER (SWITZERLAND) SA,
      et al,
 7
                   Defendants.
 8
      ------------------------------x
 9                                              New York, N.Y.
                                                December 18, 2014
10                                              11:00 a.m.

11    Before:

12                      HON. VALERIE E. CAPRONI,

13                                              District Judge

14                           APPEARANCES

15    HOLLAND & KNIGHT
           Attorneys for Plaintiff
16    JAMES H. POWER, ESQ.
      JAMES H. HOHENSTEIN, ESQ.
17    ARTHUR E. ROSENBERG, ESQ.
      MARIE E. LARSEN, ESQ.
18
      REED SMITH LLP
19         Attorneys for Plaintiff
      ANDREA PINCUS, ESQ.
20
      CHALOS & CO., P.C.
21         Attorneys for Plaintiff
      KERRI M. D'AMBROSIO, ESQ.
22
      SEWARD & KISSEL, LLP.
23         Attorneys for ING Bank NV
      BRIAN P. MALONEY, ESQ.
24    BRUCE G. PAULSEN, ESQ.

25
```

ECIFCLE1

1   claim. It's the same solution we had. If there's a new one we
2   want to get sufficient notice of it so we have opportunity to
3   argue before the opportunity for res is lost rather than after.
4           THE COURT: Would 120 percent be adequate?
5           MR. BELKNAP: Your Honor, what would be adequate would
6   be security -- if it's us arresting the vessel it's security
7   for our claim.
8           THE COURT: Your claim is secured.
9           MR. BELKNAP: I don't want to reopen what we already
10  talked about. Our claim is secured in one case, not in another
11  case. That fund is standing security for numerous different
12  things and not just ours. I don't think that we could
13  stipulate that something less than full security in our favor
14  for our claim would be a valid substitution for our in rem
15  right against the vessel.
16          THE COURT: So your position is it really doesn't
17  matter what the amount is because it's not in your favor.
18          MR. BELKNAP: Right.
19          THE COURT: Okay, got it. Okay. Anything else from
20  the back row? Okay. Thank you everybody, but I need the
21  people who are here for 14 CV 9973 and 14 CV 9949 to stay.
22  Everybody else is welcome to stay, but you need to be back in
23  the peanut gallery.
24          (Pause)
25          THE COURT: Hapag-Lloyd. That's you.

1          MR. GUTOWSKI: Peter Gutowski and Mike Fernandez,
2     partners with Freehill Hogan.
3          THE COURT: You're Hapag. Have you notified U.S. Oil
4     Trading, O.W. Bunker Germany and ING and Credit Agricole?
5          MR. GUTOWSKI: We have notified ING. We sent e-mail
6     to, we called and sent e-mail to U.S. Oil, but the other two
7     not as yet.
8          THE COURT: Is U.S. Oil here? Is anybody here on
9     behalf of U.S. oil?
10         MR. KEOUGH: Your Honor, my name is John Keough. I am
11    not appearing here for U.S. Oil.
12         THE COURT: Thank you. Apparently neither did anybody
13    else.
14         MR. KEOUGH: Only because Mr. Gutowski has waved to
15    indicate hello to me about this. I represent U.S. Oil in
16    communications with Mr. Gutowski, but I didn't know anything
17    about this and certainly my client didn't know anything about
18    this latest filing until I was a few steps away from the
19    courthouse here this morning. I don't know what's going on. I
20    don't have any authority to be here for U.S. Oil, but I'm
21    sitting in to observe, if I may.
22         MR. GUYDER: Likewise, your Honor, for ING. I would
23    just note that we did receive an e-mail on the way down here.
24    We haven't had a chance to speak with our client ING so we're
25    here to be helpful if we can, but obviously with all the

ECIFCLE1

90

1     reservations that were spoken to earlier today --

2          THE COURT: I understand, but that means nobody is

3     going to be speaking in opposition to the relief that they're

4     seeking. If you want to put a call in to your client to find

5     out whether you have authority to talk. I'd prefer to do these

6     with both sides present. Makes me nervous to operate ex parte.

7     But if nobody is here on behalf of O.W. Germany, etc. --

8          MR. AZMAN: Your Honor, Darren Azman. I'm still here.

9     Darren Azman on behalf of Gideon Boehm. He's the insolvency

10    administrator for O.W. Bunker Germany. But we just received

11    notice of this hearing yesterday, so I'm in the same position

12    as these folks. I'm not really prepared to take a position on

13    any of the issues.

14         THE COURT: So here's the thing about ex parte motions

15    for a TRO and all of that. Nobody gets a lot of notice. I

16    understand you haven't really seen the papers. I can give you

17    an hour to take a look at the papers if you want to be heard,

18    but the fact that you haven't had time to pore over them and

19    have your associate pore over them is kind of neither here or

20    there to me. So you're here because I told your opponent you

21    got to notify your opposition. I'm happy to hear you if you

22    want to be heard. If not, I will engage with the plaintiffs

23    because I've got a lot of questions on Hapag-Lloyd. So that's

24    Hapag-Lloyd. OSG?

25         MR. DOUGHERTY: Yes, your Honor. William Dougherty

1    and Mike Walsh from Burke & Parsons OSG Ship Management and
2    1372.
3             THE COURT:  Mr. Dougherty and Mr. Walsh.  I haven't
4    really had a chance to look at your papers yet.  You are
5    against O.W. Bunker, we know about them, Chemoil.
6             MR. DOUGHERTY:  The Chemoil parties we have not given
7    out notice yet, your Honor.  We just came in with the papers
8    this morning.
9             THE COURT:  I'm going to need you to notify your
10   adversary.
11            MR. WRIGHT:  Your Honor, Davis Wright for the O.W.
12   Bunker entities.  We have not seen this complaint or been
13   served with this complaint, so while I am sitting here today I
14   am not sure I'm able to take any position whatsoever.
15            THE COURT:  Well, this one I'm not going to act on
16   because I really want you to notify your adversary.  I'll set
17   up a time tomorrow, actually probably first thing tomorrow
18   morning so I can hear from you and your opponents.  So you're
19   kind of on hold for a second.
20            Okay, Hapag-Lloyd.  Mr. Gutowski.
21            MR. GUTOWSKI:  Yes, your Honor.
22            THE COURT:  You created a very complicated approach to
23   this, because you've got four vessels that have very, very
24   different situations.  So let me tell you my initial reaction
25   and you tell me why that's not accurate.  It seems to me that

ECIFCLE1

 92

1  your issue relative to the MV Vienna Express, where you have
2  posted an LOU already, that the answer to your proposed order
3  is that it will be denied, that you can litigate your issue in
4  the ordinary course relative to that, because they're not going
5  to arrest your vehicle again.
6      MR. GUTOWSKI:  But others might.  We heard this
7  morning that ING and O.W. are considering doing that.
8      THE COURT:  Might.
9      MR. GUTOWSKI:  That's the point.  Interpleader.  It
10 doesn't require that there be the exercise, just that there's
11 the risk.
12     THE COURT:  That's not what you're asking for.  Your
13 proposed order asks for the order directing the return of the
14 LOU and posting a substitute bond.  And I suspect that whomever
15 the LOU was directed to is going to have something to say about
16 that.
17     MR. GUTOWSKI:  I think you're right.
18     THE COURT:  So I'm not going to issue that order ex
19 parte.  You can file your lawsuit seeking that and we can
20 litigate that with -- who is the LOU in favor of?
21     MR. GUTOWSKI:  U.S. Oil.
22     THE COURT:  And U.S. Oil is entitled to be heard on
23 that and argue why that's not an appropriate remedy in their
24 case.  But I can't see the basis for deciding ex parte that
25 they are directed to return their LOU.

|     |     |
| --- | --- |
| 1   | MR. GUTOWSKI:  I appreciate what you're saying and if |
| 2   | I could just have one minute to articulate what our thought |
| 3   | process was and see if it perhaps changes your mind.  If we can |
| 4   | rewind the clock a couple of weeks I would be in a position as |
| 5   | most others who have come before you and have received that |
| 6   | relief.  And in those cases you determined on a preliminary |
| 7   | basis that people in a ship owner's position like my client |
| 8   | Hapag-Lloyd, they're entitled to relief in the form of a single |
| 9   | deposit.  So I am just asking you to exercise your equitable |
| 10  | power to say I am going to put you in that position, because |
| 11  | timing is critical enough to avoid that equitable relief, and |
| 12  | to the extent that U.S. Oil would be in the same position as |
| 13  | everybody else it would be fair. |
| 14  | As it stands now, I am subjected to at least two |
| 15  | additional arrests somewhere else with that vessel from O.W. or |
| 16  | from ING, and so that was the basis upon which we thought it |
| 17  | would be appropriate to do that. |
| 18  | THE COURT:  So subject to other issues that I have |
| 19  | with this, if you want to come back to me with a request that |
| 20  | there be an injunction as to ING and O.W. Bunker and the rest |
| 21  | of the folks other than U.S. Oil who is secured at this point, |
| 22  | that's one thing and I'll consider that.  But I'm not going to |
| 23  | issue an order -- I mean, you're right, but that's kind of a |
| 24  | coulda woulda shoulda.  If you had been there two weeks ago you |
| 25  | wouldn't have posted an LOU in their favor.  But to say without |

1   having the benefit of hearing from them why I should alter the
2   status quo, I am not going to do it.
3          Okay.  So as to MV Vienna, your request is denied.
4   But without prejudice to come back with a more narrow request.
5          As to the Santa Roberta, you're already paid.
6          MR. GUTOWSKI:  That's correct, your Honor.
7          THE COURT:  So if there is, I mean, has anyone else
8   made a claim as to the Santa Roberta or you expect that they
9   will?
10          MR. GUTOWSKI:  Mr. Keough told us they're going to
11   arrest the vessel tomorrow.
12          THE COURT:  They're going to arrest the vessel
13   tomorrow?
14          MR. GUTOWSKI:  That's correct.
15          THE COURT:  So are you prepared to make -- what are
16   you prepared to deposit relative to that?
17          MR. GUTOWSKI:  I have a surety bond by a recognized
18   surety that guarantees Hapag-Lloyd's payment of the O.W.
19   invoice plus 6 percent.
20          THE COURT:  So basically even though you've already
21   paid the O.W. invoice --
22          MR. GUTOWSKI:  Recognizing that in the limited time
23   and with a gun to our head if I don't make that offer,
24   notwithstanding my position that he has no lien and my payment
25   extinguishes the lien under the contract, I need to keep the

                                                              95
ECIFCLE1

1  vessel moving.
2          THE COURT:  Got it.
3          MR. GUTOWSKI:  So I proposed the bond which will
4  secure his claim under the same status as everybody else who
5  has been before you.  The only difference is we have a bond
6  instead of cash.
7          THE COURT:  Okay, but I thought that your proposed
8  order also had the Court determining the claimant's lien is
9  extinguished?  Or is it only if it's not?
10         MR. GUTOWSKI:  If it's not.
11         THE COURT:  All right, so that one is okay.  Subject
12 to me having some concerns about the language.
13         Okay and then the Cspan Hamburg and the Sofia Express
14 is the same as really everything else that we've dealt with,
15 right?
16         MR. GUTOWSKI:  Yes, your Honor.
17         THE COURT:  Okay.  But the contract that you've
18 attached as Exhibit A --
19         MR. GUTOWSKI:  That is not the O.W. contract.  I think
20 that the complaint was supposed to have had the main O.W.
21 contract.
22         THE COURT:  The only thing you have given me,
23 actually, is a contract between Hapag-Lloyd and seller, which
24 provides that English law applies and this is all subject to
25 arbitration in England.

                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

1           MR. GUTOWSKI: Your Honor, what's not attached is the
2     general terms and conditions which are the terms which modify
3     that and which have been discussed before you multiple times
4     which place the jurisdiction here for arrest cases. It has
5     that same term. But that was inadvertently not included in the
6     package. It was supposed to have been right below that
7     contract. Because those terms and conditions are incorporated
8     into every O.W. purchase. And that's where you find the
9     language putting it in the Southern District.
10          THE COURT: Right.
11          MR. GUTOWSKI: I have to give you that. I saw it's
12    not here.
13          THE COURT: Yes. You need to give me that.
14          MR. GUTOWSKI: Sorry. We were moving fast.
15          THE COURT: Okay. So, we have somebody who is sort of
16    halfway not representing the oil company? Right?
17          MR. GUTOWSKI: I think Mr. Power may have a copy.
18    Everyone's contract is the same, the same terms and conditions.
19          THE COURT: All right.
20          MR. GUTOWSKI: Do you want me to hand it up or should
21    I e-mail it to you from the office?
22          THE COURT: We've got it. But it needs to become part
23    of your complaint.
24          MR. GUTOWSKI: Correct. So we can deem it, if your
25    Honor would approve, deem it inserted and then we will send a

ECIFCLE1

97

1  copy to you for insertion and we can file a second copy on the
2  web with that in it.
3           THE COURT:  Okay, that's fine.  So can I ask you to
4  sit down?  So the person who is not really representing U.S.
5  Oil but is there, so the question that I have actually for the
6  bank and U.S. Oil is, is there any objection to the surety that
7  they're proposing?  You don't know?
8           MR. KEOUGH:  Your Honor, I haven't seen a single piece
9  of paper.  Like I said, I don't have any authority to say
10 anything at this point.  Maybe it makes sense to adjourn this.
11          THE COURT:  I'll give you an hour, okay?  You've got
12 until 2:30.  If you're not representing your clients, if you
13 have no authority and you still don't have any authority by
14 2:30, that's fine, then I'm going to have done what I can to
15 hear from the opponent.  But what I want to know is whether
16 there's any objection to the surety that's being proposed.  I
17 think I have everyone's position relative to the whole process.
18 You object to it, I understand that.  So let me also hear from
19 you why is it appropriate for this all to be combined into one
20 lawsuit?
21          MR. GUTOWSKI:  The parties are identical.
22          THE COURT:  So USOT, O.W. Bunker Germany, O.W. Bunker
23 Trading, ING and Credit Agricole all have claims against all
24 four vessels?
25          MR. GUTOWSKI:  They're the same parties in every

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

ECIFCLE1                                                             98

1    transaction.  What the path was, Hapag-Lloyd to O.W. Germany,
2    whether it went to the O.W. entity in Denmark we haven't had
3    discovery so we don't know, and then it goes to U.S. Oil and
4    ING we understand has the security interest from the O.W. side
5    and Agricole has it from U.S. Oil.  That's why we named them
6    all.  They're all identical in every case.  Every claim
7    factually I think is identical from the transaction standpoint.
8              THE COURT:  Except that there are these differences.
9              MR. GUTOWSKI:  We have this one we paid, one we
10   secured and two are threatened.  There are only timing
11   differences.
12             THE COURT:  Okay.  So the one that you've secured is
13   out but without prejudice so that's crossed off.  Okay, so
14   2:30.  I'll be back at 2:30.  If there's any objection to the
15   surety.
16             MR. GUTOWSKI:  To advance that ball, your Honor, I
17   would say that the surety that's been selected is recognized on
18   the federal website which we can give them as a surety.
19             THE COURT:  I'm assuming they don't object.
20             MR. PAULSEN:  Your Honor, we don't object.
21             THE COURT:  Who are you?
22             MR. PAULSEN:  Bruce Paulsen, ING.
23             THE COURT:  ING does not object.
24             MR. GUTOWSKI:  I'll buy him lunch.
25             THE COURT:  All right, anything else on this?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

ECIFCLE1                                                              99

1        MR. GUTOWSKI:  Nothing your Honor.  Thank you.
2        THE COURT:  Anything else from the parties who are not
3    yet being heard from?  No?  Okay.  All right.  So you need to
4    notify your adversaries, 9:00 tomorrow morning, we appear at
5    9:00.
6        MR. DOUGHERTY:  Your Honor, we've named several O.W.
7    parties, several Chemoil parties, ING.  Should we just send
8    copies of all of our papers to attorneys who appeared today,
9    all those parties in other cases?
10       THE COURT:  Yes.
11       MR. DOUGHERTY:  Thank you, your Honor.
12       THE COURT:  They can decide whether they want to show
13   up or not.  If they don't show up they don't get hurt.  If they
14   show up, they get hurt.  Anything else from the Hapag-Lloyd
15   people?
16       MR. GUTOWSKI:  Nothing from us, your Honor.
17       THE COURT:  Anything else from OSG?  O.W. Bunker?
18       MR. WRIGHT:  Nothing, your Honor.
19       THE COURT:  ING?
20       MR. PAULSEN:  No, your Honor.
21       THE COURT:  Various oil companies?  No.  Mr. Germany?
22   Okay.  Terrific.  All right, thank you all.  I'll see you back
23   at 2:30.
24       (Recess)
25

ECIFCLE1

100

1        (In open court; Messrs. Gutowski and Fernandez
2    present)
3        THE COURT:  2:30 has come and gone, and your opponents
4    are not here, so I read from that that they do not object to
5    the surety or they don't want to be heard.
6        So you need to strike --
7        MR. GUTOWSKI:  The one vessel out, right.
8        THE COURT:  -- the one vessel.  And your proposed
9    order -- I think this is because of your theory, as articulated
10   very well during the morning argument -- doesn't have the
11   language in the order that I have put in the other orders,
12   which is that in your case it would be the bond stand as and
13   shall be the substitute res for the vessel and the maritime
14   lien claims of any claimant, I can give you the language, but
15   basically that paragraph makes it clear that the bond is the
16   substitute res.
17       MR. GUTOWSKI:  We will amend that.
18       THE COURT:  I am not asking you to waive your argument
19   that in fact the fuel suppliers don't have a lien.  So I am not
20   opposed, if you want to put language in there which could be in
21   the whereas clauses, in my view, like whereas your position is
22   there is no maritime lien but the fuel suppliers have
23   articulated a theory in other cases or something, so the
24   whereas clause picks up the notion that there is a dispute over
25   whether there is a legitimate maritime lien.  Then the order

...

ECIFCLE1                                                                     101

1    clause makes it clear that if there is maritime lien, the bond
2    stands as substitute res.
3            MR. GUTOWSKI:  We will do that.
4            THE COURT:  Okay.
5            MR. GUTOWSKI:  I will have it back to you within the
6    hour.  As soon as I get back I will add that and have somebody
7    bring it right up to chambers.
8            THE COURT:  Perfect.
9            What is the situation with your ships?  When is the
10   first one coming in?
11           MR. GUTOWSKI:  Tomorrow.
12           THE COURT:  Tomorrow to where?
13           MR. FERNANDEZ:  Los Angeles.
14           THE COURT:  Do you know when it is due?
15           MR. GUTOWSKI:  I don't know what time.  I can find
16   out.  But the bond company is prepared to sign the bond
17   immediately upon my call.  Actually, I could get the bond, take
18   out the language relating to the vessel which is out of the
19   mix, leave everything else in there, fix the order, and tender
20   the boat and just say, The bond, having been provided.  We can
21   take the conditional discussion out about my having to run back
22   to the clerk with the bond.
23           THE COURT:  That's fine.
24           MR. GUTOWSKI:  So I will fix both.  That bond may not
25   make it until tomorrow morning, but I will bring both at the

ECIFCLE1

1   same time.
2           THE COURT:  That's fine.
3           MR. GUTOWSKI:  That will eliminate that conditional
4   aspect.
5           THE COURT:  That's fine.
6           Why don't you do this, to facilitate things tomorrow,
7   then, once you put the new language in the order, just e-mail
8   us a copy of that so that I know what is coming in Friday
9   morning so that there is no delay in getting it signed.
10          MR. GUTOWSKI:  I will send it to you today.
11          THE COURT:  All right.  Terrific.  Anything else?
12          MR. GUTOWSKI:  Not unless you want to rethink that
13  other ship?
14          THE COURT:  No, sorry.
15          MR. FERNANDEZ:  We have an issue with yet another
16  supplier, your Honor, a company called O'Rourke, and we are
17  going to be filing, hopefully today, if we can.
18          MR. GUTOWSKI:  Maybe tomorrow morning.
19          MR. FERNANDEZ:  Maybe tomorrow morning a similar
20  request interpleader.
21          I think the first vessel comes in sometime around the
22  23rd, so it is early next week or next week we have another
23  vessel coming in that this other supplier has threatened to
24  arrest.
25          MR. GUTOWSKI:  That one is like the first two vessels.

```
                                                             103
    ECIFCLE1
```

1    It is clean, let's call it, for the purposes of this
2    discussion.  So it won't present any unique issues.
3              THE COURT:  Okay.
4              MR. FERNANDEZ:  So that's just to let you know that's
5    coming.
6              THE COURT:  Okay.
7              MR. GUTOWSKI:  Thank you for your time.
8              THE COURT:  Thank you.
9              MR. GUTOWSKI:  Interesting day.
10             THE COURT:  Indeed.
11                              - - -
12
13
14
15
16
17
18
19
20
21
22
23
24
25