Exhibit H 13

482-14/MF/PJG
FREEHILL HOGAN & MAHAR, LLP
*Attorneys for Plaintiff*
Hapag-Lloyd Aktiengesellschaft
80 Pine Street
New York, NY 10005
(212) 425-1900 / (212) 425-1901 (Fax)
Peter J. Gutowski
Michael Fernandez

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/19/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAPAG-LLOYD AKTIENGESELLSCHAFT,<br><br>                                    Plaintiff,<br>  -against-<br><br>U.S. OIL TRADING LLC, O.W. BUNKER GERMANY GMBH, O.W. BUNKER & TRADING A/S, ING BANK N.V., CRÉDIT AGRICOLE S.A.<br><br>                                  Defendants. | 14 Civ. 9949 (VEC) |

## ORDER

WHEREAS, this Rule 9(h) maritime matter comes before the Court on the application for bond approval and for a restraining order pursuant to 28 U.S.C. §1335 and §2361 of the Federal Interpleader Act, filed by Plaintiff Hapag-Lloyd Aktiengesellschaft ("HLAG") as owner/operator of the vessels SEASPAN HAMBURG, SOFIA EXPRESS and SANTA ROBERTA (hereinafter collectively "the Vessels"); and

WHEREAS, the Court has considered HLAG's application, the accompanying Memorandum of Law, the documents filed in this action and the argument of counsel in open court on December 18, 2014; and

WHEREAS U.S. Oil Trading LLC was given notice of this application through notifying an attorney of Clyde and Co., a law firm that represents U.S. Oil Trading LLC but chose not to appear to answer whether the requested emergency relief should be entered; [initialed VC 12/19/14]

426797.1

WHEREAS, Plaintiff HLAG has established the procedural prerequisites of 28 U.S.C. §1335 and the Court finds that the bond tendered by HLAG is sufficient in amount and form for purposes of §1335 and for securing the competing claims for the payment of the marine bunkers at issue; and

WHEREAS the Court finds that a restraining order is justified to protect the interests of HLAG and the Vessels from multiple proceedings for the same claims; and

Whereas the application by HLAG is without prejudice to its position that the claimants do not have a maritime lien on the vessel and all rights to challenge any such lien being reserved by HLAG:

IT IS HEREBY ORDERED that the bond tendered by HLAG and issued by National Casualty Company is approved, and said bond having been tendered to the Court, the following shall take immediate effect:

1. The named Defendants/claimants in this action are restrained and enjoined from instituting or prosecuting any proceeding or action anywhere, affecting the property and res involved in this action of interpleader, including but not limited to the arrest, attachment or other restraint of the subject Vessels pursuant to Supplemental Admiralty Rule C or Rule B or other laws to enforce claimants' alleged maritime lien claims arising from the bunker deliveries until the further order of the Court;

2. The bond described above will stand as security for the competing claims for payment due, if any, for the supply of the bunkers to the Vessels, and the bond shall serve as the substitute res for the Vessels in rem and/or for the payment obligation of HLAG relating to the supply of the bunkers, and any persons or entities including the defendants shall submit their claims for entitlement to payment in this proceeding.

IT IS FURTHER ORDERED that if these claims have not been resolved by December 18, 2015, Plaintiff shall increase the bond by an additional 6% of the invoiced amount to maintain adequate security;

IT IS FURTHER ORDERED that Plaintiff HLAG shall serve a copy of this Order along with the Summons and Complaint in this action on each Defendant; and

IT IS FURTHER ORDERED that if Plaintiff learns of any other claimant who intends to assert a claim related to the subject matter of this action, then Plaintiff will promptly serve a copy of this Order (and related papers) on such claimant who then will be bound thereby; and

IT IS FURTHER ORDERED that Plaintiff shall provide notice of this Order by email where possible and such notice shall be deemed good and sufficient; and

IT IS FURTHER ORDERED that any claimant may, upon proper motion allowing adequate time for briefing, request that this Order be set aside or modified.

SO ORDERED, this 19th day of December 2014, at 8:19 a.m.

_____
Valerie Caproni
United States District Judge, S.D.N.Y.

426797.1                                            3