# Exhibit H 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

SHV GAS SUPPLY & RISK
MANAGEMENT SAS and EXMAR
SHIPPING BVBA, as owner of the           14-Civ. 9720 (VEC)
WAREGEM (IMO NO. 9659127),

            Plaintiffs,

      -against-

OW BUNKER USA, INC., OW BUNKER
HOLDING NORTH AMERICA INC., OW
BUNKER NORTH AMERICA INC.,
NUSTAR ENERGY SERVICES, INC.,
AND ING BANK NV,

            Defendants.
-----------------------------------------------------------------X

HAPAG-LLOYD AKTIENGESELLSCHAFT,

            Plaintiff,

      -against-                               14 Civ. 9949 (VEC)

U.S. OIL TRADING LLC, O.W. BUNKER
GERMANY GMBH, O.W. BUNKER & TRADING
A/S, ING BANK N.V., CRÉDIT AGRICOLE S.A.,

            Defendants.
-----------------------------------------------------------------X

**JOINT MEMORANDUM OF LAW BY NUSTAR
ENERGY SERVICES, INC. AND U.S. OIL TRADING LLC
<u>PURSUANT TO COURT'S ORDER DATED DECEMBER 19, 2014</u>**

# TABLE OF CONTENTS

**Preliminary Statement**................................................................................................. 1

**STATEMENT OF FACTS**........................................................................................... 2

**Argument**..................................................................................................................... 3

**IT IS IMPROPER FOR THE COURT TO PERMIT PLAINTIFFS TO
INITIATE INTERPLEADER ACTIONS WITH ORDERS ENJOINING
ARREST OF VESSELS OUTSIDE THIS DISTRICT BECAUSE THE
COURT LACKS *IN REM* JURISDICTION OVER THE SUBJECT VESSELS** ................... 3

**CONCLUSION** ........................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Dluhos v. Floating & Abandoned Vessel,*
162 F.3d 63 (2d Cir. 1998)..................................................................................4, 8

*El Paso Production GOM, Inc. v. Smith,*
406 F. Supp. 2d 671 (E.D. La. 2005)..........................................................................9

*In re Millenium Sea Carriers, Inc.,*
275 B.R. 690 (S.D.N.Y. 2002)....................................................................................4

*In re Millenium Sea Carriers, Inc.,*
419 F.3d 83 (2d. Cir. 2002).....................................................................................4, 7

*Panaconti Shipping Co., S.A. v. M/V Ypapanti,*
865 F.2d 705 (5th Cir. 1989) ....................................................................................4

*Republic Nat. Bank of Miami v. U.S.,*
506 U.S. 80 (1992).....................................................................................................4

*Wasserman v. Fid. & Deposit Co. of Maryland,*
490 F. Supp. 564 (S.D.N.Y. 1979) ...........................................................................5

**Statutes**

28 U.S.C. § 2361............................................................................................................4, 5, 6

28 U.S.C. § 2464...............................................................................................................8, 9

**Other Authorities**

Supplemental Rule A(1)(A)(ii) ...........................................................................................8

Supplemental Rule C ..........................................................................................................7

Supplemental Rule C(2)(a) .................................................................................................6

Supplemental Rule D ..........................................................................................................8

Supplemental Rule E(5) ..................................................................................................8, 9

Supplemental Rule E(5)(a) .................................................................................................8

Supplemental Rule E(5)(b) ....................................................................................7, 8, 9, 10

## Preliminary Statement

NuStar Energy Services, Inc. ("NuStar") and U.S. Oil Trading LLC ("USOT") (collectively, "defendants"), by their attorneys, Blank Rome LLP and Clyde & Co US LLP, respectively, respectfully submit this joint memorandum of law pursuant to the Court's Order dated December 19, 2014, addressing the following question: "[W]hether it is proper for the Court to permit Plaintiff vessel owners and charterers to initiate interpleader actions with injunctive relief under circumstances where the vessel at issue has not yet arrived, and is not scheduled to imminently arrive, at a port in this District."[1] Dkt. 8 at ¶ 2.[2]

Defendants respectfully submit that the answer to the Court's question is "no," unless the vessel owners and those parties with *in rem* claims against the subject vessel expressly and unequivocally so stipulate. Here, no such stipulation exists. Rather, inventing a new rule, the Court has purported to impose by order an interpleader fund with an injunction as an alleged substitute form of security to replace defendants' statutory *in rem* rights against each subject vessel. No other federal court has ever so deprived a party of its statutory maritime lien claim *in rem* against a vessel absent from the jurisdiction. Indeed, this Court lacks jurisdiction to

---

[1] The Court's Order dated December 19, 2014, expressly states: "No defenses will be waived by virtue of filing briefs as directed in this Order." Dkt. 8 at ¶ 3. Defendants reserve all rights, claims and defenses in their respective cases in making this submission, including but not limited to (1) their right to assert a claim against the relevant plaintiff(s) *in personam*; (2) their right to assert a claim against the alleged funds in the Court's registry; and (3) any defenses defendants have asserted or may assert in their first responsive pleading to plaintiffs' respective complaints for interpleader, including but not limited to lack of personal jurisdiction, subject matter jurisdiction, service of process and venue.

[2] Although this brief is being filed only in the two captioned cases, the issues raised apply in other interpleader actions to the extent this Court has purported in any such case to enjoin a defendant from arresting a vessel in respect of an *in rem* maritime lien claim. *See, e.g., Nyk Bulk & Project Carriers Ltd. et al. v. O.W. Bunker USA Inc. et al.*, 1:14-cv-10090 (S.D.N.Y.)(VEC); *Nippon Kaisha Line Limited et al. v. O.W. Bunker USA Inc. et al.*, 1:14-cv-10091 (S.D.N.Y.)(VEC); and *OSG Ship Mgmt., Inc., et al. v. O.W. Bunker USA, Inc., et al.*, 1:14-cv-9973 (S.D.N.Y.)(VEC). References herein to "Dkt. ___" are to the docket in the case styled, *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC*, 1:14-cv-9949 (S.D.N.Y.)(VEC) (the "USOT Case").

undermine defendants' statutory *in rem* lien rights in this manner. The vessel owners' deposit of "substitute" security with the Court cannot create *in rem* jurisdiction where, as here, the subject vessels were never arrested or present within the jurisdiction of this Court.

Further, the plaintiffs ignore that, by depositing the funds and/or bonds into the Court's registry, plaintiffs have tendered payment only of their *in personam* debt to their alleged contractual counterparties, *not* the debt owed by the subject vessel *in rem* to physical suppliers such as NuStar and USOT. Moreover, the Court's restraining orders have improperly restrained the defendants from prosecuting their valid, statutory *in rem* claims against each subject vessel in the jurisdictions where those vessels may be found. In so doing, the Court has effectively reduced the defendants' statutory secured claims against the vessels to unsecured claims against their owners or charterers.

By commencing these interpleader actions, the plaintiffs improperly seek to limit or discharge the subject vessel's liability *in rem* to physical suppliers such as NuStar and USOT while urging this Court to disregard the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), which govern the procedure for *in rem* admiralty cases. Such *in rem* actions are cognizable within the Court's exclusive admiralty jurisdiction, and thus require application of the Supplemental Rules as a matter of law.

### STATEMENT OF FACTS

USOT incorporates by reference the statement of facts in USOT's Memorandum of Law (1) in Opposition to Plaintiff's Ex Parte Motion, Pursuant to 28 U.S.C. §1335 & §2361, For Order Approving Bond and Restraining Any Other Actions; and (2) in Support of Emergency Order to Show Cause Why the Court's Order Dated December 19, 2014, Should Not be Vacated or Modified. Dkt. 13 at 5-10.

2

USOT states the additional relevant facts as follows: On December 30, 2014, the Court held a hearing on USOT's emergency application for an order to show cause why the Court's restraining order should not be vacated or modified. The same day, the Court issued an Order denying USOT's request. Dkt. 17 at ¶ 1.

On January 9, 2015, USOT filed its answer to HLAG's complaint for interpleader. Dkt. 27. The same day, USOT filed a notice of appeal to the United States Court of Appeals for the Second Circuit from the Court's restraining Order dated December 19, 2014 (Dkt. 5), and the Court's Order dated December 30, 2014 (Dkt. 17), denying USOT's application that the Court's restraining order be vacated or modified. Dkt. 28.

NuStar incorporates by reference the statement of facts and argument set forth in its Response In Objection To SHV Gas Supply & Risk Management SAS's Ex Parte Application For Temporary Restraining Order dated December 11, 2014. (SHV Dkt. 6).[3] Additionally, on December 29, 2014, NuStar moved for issuance of warrant of arrest of the interpleader funds, (SVH Dkt. 27), and on January 12, 2014, SHV filed its opposition to that application. (SHV Dkt. 40). On January 12, 2014, defendant O.W. Bunker USA, Inc. ("OW USA") filed a motion seeking *in rem* arrest of the interpleaded funds. (SHV Dkt. 44).

### Argument

**IT IS IMPROPER FOR THE COURT TO PERMIT PLAINTIFFS TO INITIATE INTERPLEADER ACTIONS WITH ORDERS ENJOINING ARREST OF VESSELS OUTSIDE THIS DISTRICT BECAUSE THE <u>COURT LACKS *IN REM* JURISDICTION OVER THE SUBJECT VESSELS</u>."**

The United States Supreme Court has recognized: "Certainly, it long has been understood that a valid seizure of the res is a prerequisite to the *initiation* of an *in rem* civil

---

[3] References herein to "SHV Dkt. ___" are to the docket in the case styled, *SHV Gas Supply & Risk Mgmt. SAS, et al. v. O.W. Bunker USA, Inc.*, 1:14-cv-9720 (S.D.N.Y.)(VEC) (the "SHV Case").

forfeiture proceeding." *Republic Nat. Bank of Miami v. U.S.*, 506 U.S. 80, 84 (1992) (citing Supplemental Rule C(2) and C(3)) (emphasis in original).[4] Likewise, the Second Circuit has instructed that "subject matter jurisdiction lies in the district court where the vessel or other *res* is located, ***but that jurisdiction does not attach until the vessel is arrested within the jurisdiction.***" *In re Millenium Sea Carriers, Inc.*, 419 F.3d 83, 94 (2d. Cir. 2002) (Sotomayor, J.) (citing Supplemental Rule C(2)) (emphasis added); *see also Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 68-69 (2d Cir. 1998) (recognizing the Supplemental Rules accord "with historical admiralty practice, which requires a vessel's arrest in order to maintain an *in rem* action against it"). Thus, where, as here, "a vessel is the target of an *in rem* action in admiralty, it must be both within the territorial jurisdiction of the court hearing the cause and subject to the order of the court through process of arrest." *In re Millenium Sea Carriers, Inc.*, 275 B.R. 690, 698 (S.D.N.Y. 2002) (citations omitted). Indeed, "a court cannot make orders relating to or in aid of an *in rem* claim unless the *res* is within the court's jurisdiction." *Id.* (citing *Rolls Royce Indus. Power (India) v. M.V. FRATZIS M.*, 905 F. Supp. 106, 107 (S.D.N.Y. 1995)).[5]

These interpleader cases and restraining orders improperly prohibit defendants from pursuing their independent claims *in rem* against the subject vessels - - each a different *res* than the funds and/or bonds deposited by plaintiffs in these actions. Plaintiffs sought the restraining orders pursuant to 28 U.S.C. § 2361, which provides that a court may restrain claimants "from instituting or prosecuting any proceeding ***in any State or United States court affecting the property, instrument or obligation involved in the interpleader action . . . .***" 28 U.S.C.A.

---

[4] "A civil forfeiture proceeding under §881 is an action in rem, 'which shall conform as near as may be to proceedings in admiralty.'" *Id.* (citing 28 U.S.C. § 2461(b)).

[5] Absent arrest of the subject vessel, the Court lacks *in rem* jurisdiction unless the vessel owners and those parties with *in rem* claims against the subject vessel expressly so stipulate. *See, e.g., Panaconti Shipping Co., S.A. v. M/V Ypapanti*, 865 F.2d 705, 707-08 (5th Cir. 1989). Here, no such stipulation exists.

§ 2361 (emphasis added). This Court has previously held that "28 U.S.C. § 2361 permits this Court to enjoin 'proceeding(s) . . . affecting the property . . . involved . . . .' Any order enjoining the parties from pursuing other causes of action must not be overly broad." *Wasserman v. Fid. & Deposit Co. of Maryland*, 490 F. Supp. 564, 567 (S.D.N.Y. 1979) (citing 7 Wright and Miller, *Federal Practice and Procedure* § 1717 at 466-67). The fund deposited by the stakeholder defines the subject matter of an interpleader action. *Id.* Thus, "the injunction can only extend to litigation involving the fund that is the subject matter of the interpleader." *Id.* (quotations omitted). "The fact that (plaintiff) properly invoked the interpleader jurisdiction under § 1335 (does) not, however, entitle it to an order . . . enjoining prosecution of suits against it outside the confines of the interpleader proceeding . . . ." *Id.* (quoting *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523 (1967)) (parenthesis in original).

In *Wasserman*, this Court declined to enjoin prosecution of claims against a bank for alleged breach of fiduciary duty and negligence in state court, where such claims were independent of claims by other defendants to an interpleaded fund, and where it was "clearly possible that an obligation [was] owed by [the bank] . . . ***separate and apart from the fund***." *Id.* (Emphasis added). The same reasoning applies here with equal force.

In the instant cases, defendants asserted in their first-filed actions separate and independent claims *in rem* against the subject vessels. This Court's injunction prevented NuStar from arresting the M/V WAREGEM in the Southern District of Texas even though NuStar had filed an *in rem* action in that court and that court had issued an order authorizing arrest of the vessel *before* the vessel's owner commenced this interpleader action. This Court's injunction likewise prevented USOT from serving valid warrants of arrest on the M/V SOFIA EXPRESS, the M/V SANTA ROBERTA and the M/V SEASPAN HAMBURG issued by judges in the U.S.

District Courts in Tacoma, Washington and Los Angeles, California, respectively.[6] By contrast, the plaintiffs have refused to place the subject vessels in the custody of this Court or to name the subject vessels as parties *in rem*. Moreover, plaintiffs offer no support for their allegations that the Court is authorized to enjoin the arrest of the subject vessels on *ex parte* applications pursuant to 28 U.S.C. § 2361 where, as here, the subject vessels do not constitute the *res* within the Court's custody.

Defendants' objections thus are neither academic nor obstructionist: Their maritime lien claims are not only jurisdictional, but enjoy priority over other non-lien claims against the subject vessels. By enjoining defendants from arresting the vessels to enforce their maritime liens, the Court in effect reduces defendants' statutorily secured claims to unsecured claims. Absent *in rem* jurisdiction, this Court lacks jurisdiction to undermine defendants' lien rights. In sum, defendants' statutory rights *in rem* can only be adequately protected in these proceedings if the vessel owners expressly stipulate with defendants as follows: (1) Owners accept the Court's *in rem* jurisdiction by proper verified pleadings required by the rules, *see* Supplemental Rule C(2)(a); (2) Owners irrevocably consent that the funds and/or bonds deposited in the Court's registry stand as substitute security for the subject vessels in respect of defendants' *in rem* claims; (3) Owners agree to appear on behalf of their respective vessels, including filing a claim of owner and providing relevant discovery; and (4) Owners agree to increase the amount of the funds and/or bonds deposited in the Court's registry to comply with

---

[6] In the USOT Case, plaintiff Hapag-Lloyd Aktiengesellschaft ("HLAG") has failed to satisfy its burden to show that the O.W. Bunker terms and conditions constitute grounds for this Court to exercise jurisdiction over USOT. The undisputed record shows that O.W. Bunker's terms and conditions have no application to the alleged contract between plaintiff HLAG and O.W. Bunker Germany GmbH. In fact, O.W. Bunker Germany GmbH expressly agreed, by its signed agreement on O.W. letterhead, that HLAG's provisions for German law and jurisdiction apply. *See* Dkt. 1-1 and 1-2 at Ex. 1. Further, HLAG has offered no evidence that O.W. Bunker's terms and conditions apply to any agreement between USOT and O.W. Bunker & Trading Supply A/S or any other O.W. entity.

the requirements for substitute security pursuant to Supplemental Rule E(5)(b). *See* Supplemental Rules C and E.

As a practical matter, absent agreement of the parties as set forth above, the funds and/or bonds deposited in the interpleader actions fail to protect defendants' *in rem* lien rights. For example:

1. If this Court, a bankruptcy court or the Second Circuit allows an O.W. entity to recover its full invoice amount against the interpleader funds, an insufficient sum would remain to secure maritime liens against each vessel.

2. The amounts deposited in the interpleader actions fail to meet the requirements for security available to respond to multiple claims under Supplemental Rule E(5)(b). *See* discussion below.

3. Should the Court rule against an O.W. entity, that entity could later contend that this Court lacked *in rem* jurisdiction in the first instance, and that the funds deposited in the Court's registry could not stand as substitute security for the vessel. The Court's lack of *in rem* jurisdiction precludes any authority to declare that the funds stand as substitute security for the reasons above.

4. If it is ultimately held that these interpleader actions violate the Bankruptcy court's automatic stay against O.W. entities, these actions may be void and the interpleader funds could arguably be returned to the plaintiffs, thus releasing the alleged security.

5. The funds deposited in the Court's registry do not obligate the vessel owners to appear. In fact, plaintiffs in the USOT Case admit they are not owners of two of the vessels. By contrast, a vessel arrest requires that the actual vessel owners appear and defend such action and provide relevant discovery.

The Second Circuit has recognized that "an *in rem* suit against a vessel to quiet title by expunging its liens is 'distinctively an admiralty proceeding, and is hence within the exclusive province of the federal courts' siting in admiralty." *In re Millenium Seacarriers*, 419 F.3d at 92-93 (citing *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447 (1994)). By seeking interpleader and broad injunctive relief from the Court, the plaintiffs improperly seek to preempt and to limit or discharge the subject vessels' liability *in rem* to physical suppliers such as USOT

7

and NuStar while disregarding the Supplemental Rules. Those rules govern the procedure for *in rem* admiralty cases as a matter of law. *See Dluhos*, 162 F.3d at 73 ("Because cases brought under admiralty jurisdiction are subject to admiralty procedural rules, [plaintiff's] claim would still be governed by Supplemental Rule D, which requires that the vessel be arrested"); *see also* Supplemental Rule A(1)(A)(ii) and (iv) (incorporating Supplemental Rules into all Rule 9(h) actions *in rem* and actions for exoneration from or limitation of liability).

Supplemental Rule E(5) governs the procedure for the release of property from arrest upon the giving of security by the property owner. Supplemental Rule E(5)(b) states in relevant part:

> **(b) General Bond.** The owner of any vessel may file a general bond or stipulation, with sufficient surety, to be approved by the court, conditioned to answer the judgment of such court in all or any actions that may be brought thereafter *in such court in which the vessel is attached or arrested.* Thereupon the execution of all such process against such vessel shall be stayed *so long as the amount secured by such bond or stipulation is at least double the aggregate amount claimed by plaintiffs in all actions begun and pending in which such vessel has been attached or arrested.*

(Emphasis added); *see also* 28 U.S.C. § 2464 ("Thereupon the execution of all such process against such vessel shall be stayed so long as the amount secured by such bond or stipulation is at least double the aggregate amount claimed by libelants in such suits which are begun or pending against such vessel").

Supplemental Rule E(5)(a) provides, in relevant part, that when providing security in the form of a special bond, the party whose property is seized shall post "an amount sufficient to cover the amount of plaintiff's claim fairly stated with accrued interest and costs; but the principal sum shall in no event exceed (1) twice the amount of the plaintiff's claim; or (2) the value of the property on due appraisement, whichever is smaller." The difference between a

8

special and general bond is that the latter responds to claims of more than one claimant. *See El Paso Production GOM, Inc. v. Smith*, 406 F. Supp. 2d 671, 674-75 (E.D. La. 2005) (a general bond is "conditioned to answer the judgment of [the] court in all or any actions that may be brought," whereas "a ***special bond*** is claim-specific; that is, it does not provide security for other claims against the vessel.") (Emphasis added).[7]

By issuing the restraining orders and allowing plaintiffs to deposit funds or general bonds into the Court's registry, the Court overlooks that process of an arrest warrant against a vessel may only be stayed pursuant to the Supplemental Rules "so long as the amount secured by such bond . . . is ***at least double the aggregate amount claimed by plaintiffs in all actions begun and pending in which such vessel has been attached or arrested.***" See Supplemental Rule E(5)(b) (emphasis added); *see also* 28 U.S.C. § 2464.

First, plaintiffs ignore that the interpleader actions do not constitute actions "begun and pending in which such vessel has been attached or arrested," and thus the funds and/or bonds tendered by plaintiffs constitute insufficient security for defendants' claims against the subject vessels as a matter of law. Second, the amount of the purported funds and/or bonds tendered by plaintiffs fall well short of the amount required by Supplemental Rule E(5). By bringing the actions for interpleader, plaintiffs contend that they might be liable to more than one party for the same delivery of bunker fuel under U.S. maritime law. Accordingly, at a minimum, plaintiffs should be directed to increase the amount of the bond to double the aggregate amount claimed by all plaintiffs in accordance with Supplemental Rule E(5)(b).

---

[7] The claims of NuStar and O.W. in the SHV Case highlight the insufficiency of the funds in the Court's registry compared to the security required by Supplemental Rule E, given the Court's injunction precluding arrest of the M/V WAREGEM. In allowing the plaintiff vessel interest to prevent arrest of its vessel by interpleader of the invoice amount, the Court has effectively voided NuStar and O.W.'s separately secured claims in favor of a single unsecured claim. Such an outcome is grossly prejudicial and without any support in the statutes, rules or case law.

9

## CONCLUSION

For the reasons set forth above, defendants respectfully submit that, on this record, the Court has no authority or jurisdiction to permit plaintiff vessel owners or charterers to initiate interpleader actions with injunctive relief where the vessel at issue has not yet arrived, and is not scheduled to imminently arrive, at a port in this District.

Dated: New York, New York
January 14, 2015

                              **BLANK ROME LLP**

                              By: /s/ Thomas H. Belknap, Jr.
                                   Thomas H. Belknap, Jr.
                                   405 Lexington Avenue
                                   New York, New York 10174-0208
                                   Tel.: (212) 885-5270
                                   Fax: (917) 332-3795

                                   *Attorneys for Defendant*
                                   *NuStar Energy Services, Inc.*

                              -and-

                              **CLYDE & CO US LLP**

                              By: /s/ John R. Keough, III
                                   John R. Keough, III
                                   Casey D. Burlage
                                   Corey R. Greenwald
                                   George G. Cornell
                                   405 Lexington Avenue, 16th Floor
                                   New York, New York 10174
                                   Tel.: (212) 710-3900
                                   Fax: (212) 710-3950

                                   *Attorneys for Defendant*
                                   *U.S. Oil Trading LLC*