UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
U.S. OIL TRADING LLC,

                        Plaintiff,                    15 Civ. 6718 (VEC)

      -against-

M/V VIENNA EXPRESS, her tackle, boilers, apparel,
furniture, engines, appurtenances etc., *in rem*, and M/V
SOFIA EXPRESS, her tackle, boilers, apparel, furniture,
engines, appurtenances etc., *in rem*,

                        Defendants.
------------------------------------------------------------------X
HAPAG-LLOYD AKTIENGESELLSCHAFT, as
claimant to the M/V VIENNA EXPRESS,

    Counter-Claimant and Third-Party Plaintiff,

      -against-                          **U.S. OIL TRADING
                                                                   LLC'S ANSWER TO CROSS-
                                                                     CLAIM/COUNTERCLAIM
U.S. OIL TRADING LLC,                                       OF THIRD-PARTY
                                                                    **DEFENDANT ING BANK N.V.**

                   Counter-Defendant and

O.W. BUNKER GERMANY GMBH, O.W. BUNKER
& TRADING A/S, ING BANK N.V., and CRÉDIT
AGRICOLE CORPORATE AND INVESTMENT
BANK,

                           Third-Party Defendants.
------------------------------------------------------------------X

        Plaintiff, U.S. Oil Trading LLC ("USOT"), by its attorneys Clyde & Co US LLP, answering the counterclaims, cross-claim and reservation of rights (the "Cross-Claim/Counterclaim") of third-party defendant ING Bank N.V. ("ING") dated September 17, 2015, states upon information and belief as follows:

1.      Denies each and every allegation in paragraph 1 of the Cross-Claim/Counterclaim.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Cross-Claim/Counterclaim.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Cross-Claim/Counterclaim.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Cross-Claim/Counterclaim.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Cross-Claim/Counterclaim, except admits that third-party plaintiff Hapag-Lloyd Aktiengesellschaft ("HLAG") and other parties commenced interpleader actions in this Court.

### AS TO THE FIRST COUNTERCLAIM AND CROSS-CLAIM ALLEGED AGAINST PLAINTIFF USOT

6.      In response to the allegations in paragraph 6 of the Cross-Claim/Counterclaim, USOT repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief contained in paragraphs 1 through 5 herein with the same force and effect as if set forth at length.

7.      Denies each and every allegation in paragraph 7 of the Cross-Claim/Counterclaim, except admits that under the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31342, "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner" has a maritime lien on the vessel and may bring a civil action *in rem* to enforce the lien.

8. Denies each and every allegation in paragraph 8 of the Cross-Claim/Counterclaim, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that ING is the assignee of third-party defendant O.W. Bunker Germany GmbH ("O.W. Germany").

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Cross-Claim/Counterclaim.

10. Denies each and every allegation in paragraph 10 of the Cross-Claim/Counterclaim.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Cross-Claim/Counterclaim, except admits that HLAG contracted with O.W. Germany for the supply of fuel oil to the M/V VIENNA EXPRESS.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Cross-Claim/Counterclaim.

13. Denies each and every allegation in paragraph 13 of the Cross-Claim/Counterclaim.

### AS TO THE SECOND COUNTERCLAIM
### ALLEGED AGAINST HLAG

14. In response to the allegations in paragraph 14 of the Cross-Claim/Counterclaim, USOT repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief contained in paragraphs 1 through 13 herein with the same force and effect as if set forth at length.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Cross-Claim/Counterclaim.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Cross-Claim/Counterclaim.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Cross-Claim/Counterclaim.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Cross-Claim/Counterclaim.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Cross-Claim/Counterclaim.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Cross-Claim/Counterclaim.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Cross-Claim/Counterclaim.

### AS TO THE RESERVATION OF RIGHTS ALLEGED AGAINST PLAINTIFF USOT

22. In response to the allegations in paragraph 22 of the Cross-Claim/Counterclaim, USOT repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief contained in paragraphs 1 through 21 herein with the same force and effect as if set forth at length.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Cross-Claim/Counterclaim.

**FURTHER ANSWERING THE CROSS-CLAIM/COUNTERCLAIM, AND AS
AND FOR SEPARATE, PARTIAL AND/OR COMPLETE DEFENSES THERETO,
USOT ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:**

24. USOT repeats and realleges each and every admission, denial and denial of knowledge or information set forth in paragraphs 1 through 23 herein with the same force and effect as if set forth at length.

**FIRST AFFIRMATIVE DEFENSE**

25. The Court lacks personal jurisdiction over defendant USOT.

**SECOND AFFIRMATIVE DEFENSE**

26. The Court lacks subject-matter jurisdiction.

**THIRD AFFIRMATIVE DEFENSE**

27. The Court lacks *in rem* jurisdiction over the subject vessels.

**FOURTH AFFIRMATIVE DEFENSE**

28. Venue in this Court is improper, and the action should be transferred to a more convenient forum.

**FIFTH AFFIRMATIVE DEFENSE**

29. Venue in this Court is improper, and the action should be transferred pursuant to 28 U.S.C. § 1404 to the action against the subject vessels in the U.S. District Court in Washington and California.

**SIXTH AFFIRMATIVE DEFENSE**

30. Venue in this Court is inconvenient, and the action should be dismissed pursuant to the doctrine of *forum non conveniens*.

**SEVENTH AFFIRMATIVE DEFENSE**

31. Each cause of action alleged against plaintiff USOT in the Cross-

Claim/Counterclaim fails to state a claim upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

32. HLAG has failed to join the vessels *in rem* as indispensable parties to this action under Rule 19 of the Federal Rules of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

33. ING's claims are governed by English law and/or German law and/or other foreign law.

## TENTH AFFIRMATIVE DEFENSE

34. ING's claims are subject to London arbitration and/or German arbitration under the applicable contract, if any, and defendant USOT reserves all rights and defenses in respect thereto.

## ELEVENTH AFFIRMATIVE DEFENSE

35. There is no privity of contract between ING and/or O.W. Germany and plaintiff USOT.

## TWELFTH AFFIRMATIVE DEFENSE

36. ING has failed to satisfy all conditions precedent to bring the Cross-Claim/Counterclaim.

## THIRTEENTH AFFIRMATIVE DEFENSE

37. ING has waived any right to recovery against plaintiff USOT.

## FOURTEENTH AFFIRMATIVE DEFENSE

38. ING's claims are barred by the doctrine of estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

39. ING's claims are barred, in whole or in part, by the doctrine of unclean

hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

40. HLAG is not a disinterested stakeholder as alleged in the third-party complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

41. ING is not the real party in interest.

### EIGHTEENTH AFFIRMATIVE DEFENSE

42. ING and/or O.W. Germany has failed to mitigate the damages alleged herein.

### NINETEENTH AFFIRMATIVE DEFENSE

43. If ING suffered any loss, which is denied, such loss resulted solely from the fault of ING, its alleged assignor O.W. Germany and/or others for whom plaintiff USOT is not responsible, and not as a result of any fault of plaintiff USOT.

### TWENTIETH AFFIRMATIVE DEFENSE

44. ING seeks attorneys' fees and costs which are not recoverable as damages herein.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

45. ING's claims are barred in whole or in part for lack of consideration.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

46. HLAG has failed to comply with the requirements to provide security for *in rem* actions pursuant to 28 U.S.C. § 2464 and/or Rule E(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

47. USOT is not a competing claimant to any funds which might be deposited by HLAG for the O.W. Germany invoices since USOT claims under separate and distinct invoices and asserts its maritime liens against the subject vessels therefor.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

48. HLAG lacks standing to move to cancel, return, reform, rescind or to otherwise modify the Letter of Undertaking dated November 28, 2014, for plaintiff's claim against the M/V VIENNA EXPRESS *in rem*, which constitutes a valid and enforceable contract between The United Kingdom Mutual Steam Ship Assurance Association (Europe) Ltd. and plaintiff USOT.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

49. ING and its alleged assignor O.W. Germany fail to satisfy the requirements for maritime liens against the subject vessels under the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31342, and thus have no maritime lien against the subject vessels as a matter of law.

**WHEREFORE**, plaintiff USOT demands judgment dismissing the Cross-Claim/Counterclaim and granting plaintiff USOT its costs and disbursements of this action, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 8, 2015

                                                                             CLYDE & CO US LLP

                                                  By: /s/ John R. Keough, III
                                                       John R. Keough, III
                                                       Casey D. Burlage
                                                       Corey R. Greenwald
                                                       George G. Cornell

The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
Tel.:  (212) 710-3900
Fax:  (212) 710-3950

*Attorneys for Plaintiff*
*U.S. Oil Trading LLC*