# Exhibit MM

Page 1

- GOTZ LEHSTEN -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
BONNY GAS TRANSPORT LIMITED, as     )
owner of the LNG FINIMA (IMO        )
No.7702401),                        ) CASE NO.
                                    ) 14-cv-9542 (VEC)
              Plaintiff,            )
                                    )
     -against-                      )
                                    )
O.W. BUNKER GERMANY GMBH, NUSTAR    )
TERMINALS MARINE SERVICES, N.V.,    )
NUSTAR ENERGY SERVICES, INC.,       )
ING BANK N.V.,                      )
                                    )
              Defendants.           )
----------------------------------x )
HAPAG-LLOYD AKTIENGESELLSCHAFT,     )
                                    ) CASE NO.
              Plaintiff,            ) 14-cv-9949 (VEC)
                                    )
     -against-                      )
                                    )
U.S. OIL TRADING LLC, O.W. BUNKER   )
GERMANY GMBH, O.W. BUNKER & TRADING )
A/S, ING BANK N.V., CREDIT AGRICOLE )
S.A.,                               )
                                    )
              Defendants.           )
----------------------------------x )
HAPAG-LLOYD AKTIENGESELLSCHAFT,     )
                                    ) CASE NO.
              Plaintiff,            ) 14-cv-10027 (VEC)
                                    )
     -against-                      )
                                    )
O'ROURKE MARINE SERVICES, L.P.,     )
L.L.P., O.W. BUNKER GERMANY GMBH,   )
O.W. BUNKER USA, INC., ING BANK     )
N.V.,                               )
                                    )
              Defendants.           )
----------------------------------x )
              February 23, 2016
              9:05 a.m.
     DEPOSITION OF GOTZ LEHSTEN

## Page 2

```
 1               - GOTZ LEHSTEN -
 2                    )
     UNITED STATES DISTRICT COURT  )
 3   SOUTHERN DISTRICT OF NEW YORK )
     ---------------------------------x )
 4   U.S. OIL TRADING LLC,    ) CASE NO.
                              ) 15-cv-6718 (VEC)
 5          Plaintiff,        )
                              )
 6      -against-             )
                              )
 7   M/V VIENNA EXPRESS, her tackle,  )
     boilers, apparel, furniture,     )
 8   engines, appurtenances, etc.,    )
     in rem: M/V SOFIA EXPRESS, her   )
 9   tackle, boilers, apparel,        )
     furniture, engines, appurtenances, )
10   etc., in rem,                    )
                                      )
11          Defendants.               )
     ---------------------------------x )
12   HAPAG-LLOYD AKTIENGESELLSCHAFT, as ) CASE NO.
     Claimant to the M/V VIENNA EXPRESS,)
13                                    )
            Counter-Claimant and      )
14          Third-Party Plaintiff,    )
                                      )
15      - against -                   )
                                      )
16   U.S. OIL TRADING LLC,            )
                                      )
17          Counter-Defendant and     )
                                      )
18   O.W. BUNKER GERMANY GMBH, O.W.   )
     BUNKER TRADING A/S, ING BANK N.V.,)
19   and CREDIT AGRICOLE CORPORATE AND )
     INVESTMENT BANK, a division or arm )
20   of CREDIT AGRICOLE S.A.,         )
21          Third-Party Defendant.    )
     ---------------------------------x
22   DATE: February 23, 2016
     TIME: 9:05 a.m.
23
24
25
```

## Page 3

```
 1              - GOTZ LEHSTEN -
 2       TELECONFERENCE DEPOSITION OF GOTZ
 3   LEHSTEN, a 30(b)(6) witness, held at the offices of
 4   McDermott Will & Emery, 340 Madison Avenue, New York,
 5   New York, pursuant to Notice, before Hope Menaker, a
 6   Shorthand Reporter and Notary Public of the State
 7   of New York.
```

## Page 4

```
 1              - GOTZ LEHSTEN -
 2   A P P E A R A N C E S
 3   KIESLICH & PARTNER RECHTSANWALTE
       Attorneys for the Witness
 4        Moorfuhrtweg 15
          22301 Hamburg, Germany
 5   BY: MARTIN KIESLICH, ESQ. (via teleconference)
 6   SEWARD & KISSEL LLP
       Attorneys for Defendant ING Bank N.V.,
 7     as Security Agent:
          One Battery Park Plaza
 8        New York, New York 10004
     BY: BRIAN P. MALONEY, ESQ.
 9       LAURA E. MILLER, ESQ.
10   FREEHILL HOGAN & MAHAR LLP
       Attorneys for Hapag-Lloyd Aktiengesellschaft
11        80 Pine Street
          New York, New York 10005
12   BY: MICHAEL FERNANDEZ, ESQ.
         MICHAEL DEHART, ESQ.
13
     CLYDE & CO. US LLP
14     Attorneys for U.S. Oil Trading LLC
          405 Lexington Avenue
15        New York, New York 10174
     BY: CASEY D. BURLAGE, ESQ.
16
     McDERMOTT WILL & EMERY
17     Attorneys for O.W. Bunker Germany GMBH
          340 Madison Avenue
18        New York, New York 10173
     BY: DARREN AZMAN, ESQ.
19       MICHAEL GALEN, ESQ.
         ULRIKE WITT, ESQ. (via teleconference)
20   -and-
     HILL RIVKINS LLP
21        45 Broadway, Suite 1500
          New York, New York 10006
22   BY: JUSTIN M. HEILIG, ESQ. (via teleconference)
23   SIMMS SHOWERS LLP
       Attorneys for O'Rourke Marine Services L.P.
24        201 International Circle, Suite 250
          Hunt Valley, Maryland 21030
25   BY: MARIOS J. MONOPOLIS, ESQ. (via teleconference)
```

## Page 5

```
 1              - GOTZ LEHSTEN -
 2   APPEARANCES: (cont'd)
 3   BLANK ROME LLP
       Attorneys for NuStar
 4        717 Texas Avenue, Suite 1400
          Houston, Texas 77002
 5   BY: KEITH B. LETOURNEAU, ESQ.
 6
     ALSO PRESENT:
 7     Ms. A.J. Elterman, Interpreter
```

Page 114

- GOTZ LEHSTEN -

1
2  A.   That was a condition to -- to be
3  reseller for them.
4  Q.   Can you repeat that, please?
5  A.   The condition dealing or selling to
6  Hapag-Lloyd's was that we accept their terms and
7  conditions; not only in contracts, on all
8  deliveries.
9  Q.   So Hapag-Lloyd -- in order to do
10 business with Hapag-Lloyd, O.W. Germany was
11 required to accept Hapag-Lloyd's conditions not
12 only for spot deals, but also for contracts like
13 these?
14     MR. HEILIG:  Objection.
15     MR. FERNANDEZ:  Objection to form.
16 A.   For all deals.  For all deals.
17 Q.   For all deals.  Okay.
18     Can you please turn to the last page
19 of this document?  It's Page 22 of 76.
20 A.   Yes.
21 Q.   Do you see in Clause 18 titled "Law
22 and Arbitration."  If you go towards the bottom,
23 there's a sentence that begins, "German law shall
24 apply on the 'fuel' contract."
25     Do you see that sentence?

Page 115

- GOTZ LEHSTEN -

1
2  A.   There's "German law shall apply on
3  the --"
4     Yes.
5  Q.   What is your understanding of the
6  "fuel contract" in quotation marks there?
7  A.   Fuel contract is any contract.  Could
8  be part of -- on a contract sales, could be spot
9  deal.
10 Q.   So it's not limited to deals that
11 have been consummated under this agreement,
12 correct?
13 A.   No.  It's on all deals.  All terms
14 and conditions will apply.
15 Q.   So your understanding is that fuel
16 contract means all deals with Hapag by O.W.
17 Germany?
18 A.   Yes, exactly.
19 Q.   Okay.  And just to confirm, it is –
20 O.W. Germany has their place of business in
21 Hamburg, Germany, correct, or did at the time that
22 this was entered?
23 A.   Yes.
24 Q.   Okay.  That was -- you said you did
25 negotiate this -- had personal involvement

Page 116

- GOTZ LEHSTEN -

1
2  negotiating this contract, correct?
3  A.   Yeah.  All long-lasting contracts,
4  right, I negotiate with Hapag-Lloyd but not the
5  spot business.
6  Q.   Not the spot business.  Okay.
7  A.   No, not the day-to-day spot business.
8  Q.   Got it.
9     But again, those spot deals would
10 fall within the fuel contract that -- as it's
11 referred to in this -- on this page, correct?  Is
12 that your testimony?
13 A.   I'm not sure I understand.  The spot
14 business was simply given to the spot inquiries
15 were given to O.W. Bunker Germany salesperson and
16 they were handling it day-to-day.  The contract
17 sales, right?  They passed on the next delivery
18 they required for the ship in ARA and that he had
19 the supplies.
20    On the contract, you're basing not –
21 you have set the terms right, you have set the
22 prices.  You're not negotiating like on a spot
23 deal.  We're just performing the contract.
24    So that's more administration work
25 you can say.  And then you have the spot deals

Page 117

- GOTZ LEHSTEN -

1
2  where they ask you for particular delivery in a
3  certain port and then, on that day, they will fix
4  a deal or they lose it.
5  Q.   But in either situation that you just
6  described, the spot deal or the ARA deals, the –
7  O.W. Germany would be conducting business with
8  Hapag -- basis Hapag-Lloyd's terms and conditions;
9  is that correct?
10 A.   Yes.
11 Q.   And was it the intent of O.W. Germany
12 to have German law apply to those contracts in
13 those deals with Hapag?
14 A.   No.  We actually don't like German
15 law here, but it was a tradition, right?  And
16 since adapt -- suppliers have accepted their terms
17 and conditions, it was a matter of being
18 competitive on the terms and conditions.  So we
19 agreed or accepted without really wanting it.  If
20 that makes sense.  It was a commercial decision.
21 Q.   Correct.  So it was a commercial
22 decision to get the business from Hapag to do the
23 deals under their terms and conditions which
24 require German law, correct?
25 A.   Yes, that's correct.

Elisa Dreier Reporting Corp., a U.S. Legal Support Company (212)557-5558
950 Third Avenue, New York, NY  10022