UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HAPAG-LLOYD AKTIENGESELLSCHAFT,

                Plaintiff,    14 Civ. 9949 (VEC)

     -against-

U.S. OIL TRADING LLC, O.W. BUNKER
GERMANY GMBH, O.W. BUNKER & TRADING
A/S, O.W. BUNKER USA, INC., ING BANK N.V.,
CRÉDIT AGRICOLE CIB,

                Defendants.
------------------------------------------------------------------X
U.S. OIL TRADING LLC,

                Plaintiff,    15 Civ. 6718 (VEC)

     -against-

M/V VIENNA EXPRESS, her tackle, boilers, apparel,
furniture, engines, appurtenances etc., *in rem*, and M/V
SOFIA EXPRESS, her tackle, boilers, apparel, furniture,
engines, appurtenances etc., *in rem*,

                Defendants.
------------------------------------------------------------------X
HAPAG-LLOYD AKTIENGESELLSCHAFT, as
claimant to the M/V VIENNA EXPRESS,

    Counter-Claimant and Third-Party Plaintiff,

     -against-    **DECLARATION OF LEE**
                                                          **WEBER IN SUPPORT OF**
U.S. OIL TRADING LLC,    **USOT'S MOTION FOR**
                                                          **SUMMARY JUDGMENT**

            Counter-Defendant and

O.W. BUNKER GERMANY GMBH, O.W. BUNKER
& TRADING A/S, ING BANK N.V., and CRÉDIT
AGRICOLE CORPORATE AND INVESTMENT
BANK,

              Third-Party Defendants.
------------------------------------------------------------------X

LEE WEBER declares that the following is true and correct:

1.   My name is Lee Weber. I am over the age of 18 and competent to make this declaration. I am employed as the Logistics Planner of U.S. Oil Trading LLC ("USOT")'s Operations Scheduling and Marine Fuel Marketing Department, and I have held that position since July 2007.

2.   I make this declaration based on my personal knowledge and based on the documents in my files, except where stated as made upon information and belief, and as to those matters I believe them to be true.

3.   I respectfully submit this declaration in support of USOT's motion for summary judgment in the captioned cases against the M/V SANTA ROBERTA, M/V VIENNA EXPRESS, M/V SEASPAN HAMBURG and M/V SOFIA EXPRESS, *in rem* (collectively, the "Vessels").

4.   During the regular course of its business in 2014, USOT would receive requests from O.W. Bunker USA, Inc. ("O.W. USA") to provide price quotes for deliveries of bunkers by USOT to vessels calling at the port of Tacoma, Washington.

5.   USOT provided such price quotes to O.W. USA in the regular course of business and did so for the subject deliveries to the Vessels at the port of Tacoma, Washington in October 2014.

6.   During the regular course of its business in 2014, USOT would receive regular communications from Norton Lilly International, Inc. ("Norton Lilly"), the local agent for Hapag and its vessels at the port of Tacoma, Washington, before Hapag's vessels called at the port of Tacoma, Washington to receive bunkers from USOT.

7. Such communications included the material details of Hapag's orders for the deliveries of bunkers by USOT to Hapag's vessels, including Hapag's purchase order reference number, the vessel's name, the port of delivery of the bunkers (Tacoma), the estimated time of each vessel's arrival, the quantity of bunkers to be delivered by USOT, the quality of the bunkers to be delivered by USOT and the identity of USOT as the supplier of the bunkers.

8. USOT received such communications from Norton Lilly in its regular course of business and did so for the subject deliveries to the Vessels at the port of Tacoma, Washington in October 2014.

9. USOT was never informed by Hapag, Norton Lilly, the Vessels' Masters or crew, any O.W. Bunker entity or anyone else that USOT was not authorized to deliver the subject bunkers to Hapag's Vessels, or that Norton Lilly, the Vessels' Masters or crew or any O.W. Bunker entity lacked authority to order the subject bunkers on behalf of Hapag and its Vessels.

10. True and accurate copies of the following documents are annexed hereto:

| Exhibit | Document |
|---|---|
| A | Email exchange between USOT's Lee Weber and O.W. USA's Kai Zhou dated September 30, 2014. |
| B | Email exchange between USOT's Lee Weber and Norton Lilly's Heath Albright dated October 1, 2014. |
| C | Email from Norton Lilly to the Master of the M/V SANTA ROBERTA and USOT's Lee Weber dated October 7, 2014. |
| D | Email exchange between USOT's Lee Weber and O.W. USA's Kai Zhou dated October 8, 2014. |

| | |
|---|---|
| E | Email exchange between USOT's Lee Weber and Norton Lilly's Heath Albright dated October 9, 2014. |
| F | Email exchange between USOT's Lee Weber and Norton Lilly's Heath Albright dated October 9, 2014. |
| G | Email from USOT's Lee Weber to O.W. USA's Kai Zhou dated October 9, 2014. |
| H | Email exchange between USOT's Lee Weber and Norton Lilly's Heath Albright dated October 10, 2014. |
| I | Email from Norton Lilly to the Master of the M/V SEASPAN HAMBURG and USOT's Lee Weber dated October 15, 2014. |
| J | Instant message exchange between USOT's Lee Weber and O.W. USA's Kai Zhou dated October 22, 2014. |
| K | Email exchange between USOT's Lee Weber and Norton Lilly's Jamey Morrison dated October 23, 2014. |
| L | Email exchange between USOT's Lee Weber and Norton Lilly's Jamey Morrison dated October 28, 2014. |
| M | Email from Norton Lilly to the Master of the M/V SOFIA EXPRESS and USOT's Lee Weber dated October 28, 2014. |

11. The documents or messages attached as Exhibits A through M hereto were received or sent by USOT in its regular course of business; it was the regular course of USOT's business to receive or send such documents or messages; and such documents or messages were received or sent by USOT on or about the dates stated thereon.

I declare under penalty of perjury under the laws of the United States of America that the above declaration is true and correct to the best of my knowledge and belief.

Executed this 12th day of May 2016, at Tacoma, Washington.

_____
LEE WEBER