UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HAPAG-LLOYD AKTIENGESELLSCHAFT,

                    Plaintiff,                    14 Civ. 9949 (VEC)
                                                                (Lead Case)

       -against-

U.S. OIL TRADING LLC, O.W. BUNKER
GERMANY GMBH, O.W. BUNKER & TRADING
A/S, O.W. BUNKER USA, INC., ING BANK N.V.,
CRÉDIT AGRICOLE CIB,

                    Defendants.
------------------------------------------------------------------X
U.S. OIL TRADING LLC,

                    Plaintiff,                    c/w 15 Civ. 6718 (VEC)

       -against-

M/V VIENNA EXPRESS, her tackle, boilers, apparel,
furniture, engines, appurtenances etc., *in rem*, and M/V
SOFIA EXPRESS, her tackle, boilers, apparel, furniture,
engines, appurtenances etc., *in rem*,

                    Defendants.
------------------------------------------------------------------X
HAPAG-LLOYD AKTIENGESELLSCHAFT, as
claimant to the M/V VIENNA EXPRESS,

      Counter-Claimant and Third-Party Plaintiff,

       -against-

U.S. OIL TRADING LLC,

                    Counter-Defendant and

O.W. BUNKER GERMANY GMBH, O.W. BUNKER
& TRADING A/S, ING BANK N.V., and CRÉDIT
AGRICOLE CORPORATE AND INVESTMENT
BANK,

                  Third-Party Defendants.
------------------------------------------------------------------X

**U.S. OIL TRADING LLC'S MEMORANDUM
OF LAW IN SUPPORT OF MOTION *IN LIMINE*__**

**CLYDE & CO US LLP**
John R. Keough
George G. Cornell
Laura L. Gongaware
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, New York 10174
Tel.: (212) 710-3900
Fax: (212) 710-3950

*Attorneys for U.S. Oil Trading LLC*

# **TABLE OF CONTENTS**

**Preliminary Statement** ............................................................................................................ 1

**Procedural Background** ........................................................................................................... 2

**Argument** ................................................................................................................................. 4

    **THE MANDATE RULE FORECLOSES CONSIDERATION
OF EVIDENCE THAT U.S. OIL DID NOT RELY ON THE
CREDIT OF THE VESSELS** ........................................................................................ 4

        A.    The Mandate Rule ............................................................................................... 4

        B.    The Mandate Limits the Issue Open for Consideration
to Whether Hapag Directed that U.S. Oil be the Physical
Supplier for the Subject Bunker Supplies .......................................................... 5

        C.    The Second Circuit Expressly Considered and Rejected
the Argument that U.S. Oil Did Not Rely on the Credit
of the Vessels, and Thus Lacked Maritime Liens ............................................. 6

        D.    The Second Circuit Impliedly Considered and Rejected
the Argument that U.S. Oil Did Not Rely on the Credit
of the Vessels ..................................................................................................... 7

        E.    Evidence that U.S. Oil Did Not Rely on the Credit
of the Vessels Has No Relevance to the Narrow Issue
for Trial and Should be Excluded ...................................................................... 8

**CONCLUSION** ..................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Matter of Manhattan by Sail, Inc.*,
  2018 A.M.C. 2642 (S.D.N.Y. 2018) .................................................................................... 4

*Meacham v. Knolls Atomic Power Laboratory*,
  358 Fed.Appx. 233 (2d Cir. 2009) ...................................................................................... 7

*Palmieri v. Defaria*,
  88 F.3d 136 (2d Cir. 1996) .................................................................................................. 8

*SCO Group, Inc. v. Novell, Inc.*,
  No. 2:04-cv-139 TS, 2010 WL 744571 (D. Utah Feb. 23, 2010) ....................................... 9

*Sompo Japan Ins. Co. of America v. Norfolk Southern Ry. Co.*,
  762 F.3d 165 (2d Cir. 2014) ................................................................................................ 4

*U.S. Oil Trading LLC v. M/V VIENNA EXPRESS*,
  911 F.3d 652 (2d Cir. 2018) ........................................................................................ *passim*

**Statutes**

46 U.S.C. § 31342(a) .................................................................................................................. 9

**Other Authorities**

Fed. R. Evid. 401 ........................................................................................................................ 8

Fed. R. Evid. 402 ........................................................................................................................ 9

Fed. R. Civ. P. 54(b) ................................................................................................................... 2

U.S. Oil Trading LLC ("U.S. Oil"), by its attorneys, Clyde & Co US LLP, respectfully submits this memorandum of law in support of its Motion *In Limine* to exclude evidence that U.S. Oil did not rely on the credit of the vessels on which it asserts maritime liens in the captioned consolidated cases, the M/V VIENNA EXPRESS, M/V SOFIA EXPRESS, M/V SANTA ROBERTA, and M/V SEASPAN HAMBURG (collectively, the "Vessels").

**Preliminary Statement**

In vacating the Judgments against U.S. Oil in these consolidated cases, the Second Circuit remanded the cases for trial on the sole issue of whether Hapag-Lloyd Aktiengesellschaft ("Hapag") directed that U.S. Oil be the physical supplier for the subject bunker supplies, pursuant to the exception to the subcontractor rule. In pretrial order exchanges between the parties, O.W. Bunker Germany GmbH ("OW Germany") and other parties have proposed to introduce evidence pertaining to contentions that U.S. Oil did not rely on the credit of the Vessels in supplying them with bunkers. However, the Second Circuit both expressly and impliedly rejected those contentions in deciding the appeals in these cases. The Second Circuit heard those contentions in briefing and oral argument, but found they lacked merit. A plain reading of the Second Circuit's Opinion and the Mandate compels the conclusion that such credit arguments exceed the scope of the upcoming trial. Indeed, as a matter of procedure, the Second Circuit would not have remanded for trial on a merits issue if that court had agreed with arguments that U.S. Oil waived its liens by not relying on the credit of the Vessels. Under the "Mandate Rule," the Second Circuit's Mandate forecloses reconsideration by this Court of the credit issues raised before, and rejected by, the Second Circuit. Evidence that U.S. Oil did not rely on the credit of the Vessels therefore fails the test for relevance, since such evidence would

bear on no fact of consequence in determining this action within the scope of the Mandate. Thus, U.S. Oil respectfully requests that this Court exclude from the upcoming trial any proffered evidence bearing on whether U.S. Oil relied on the credit of the Vessels.

## Procedural Background

On May 2, 2017, this Court entered Partial Final Judgment in the captioned test cases[1] pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, dismissing U.S. Oil's maritime lien claims against the Vessels [No. 14 Civ. 9949, Dkt. 330; No. 15 Civ. 6718, Dkt. 275] for the reasons set forth in this Court's Order and Opinion dated January 9, 2017, as amended on March 3, 2017, and as further amended on March 22, 2017 [No. 14 Civ. 9949, Dkt. 319; No. 15 Civ. 6718, Dkt. 264]. The Further Amended Order and Opinion denied U.S. Oil's Motion for Summary Judgment seeking enforcement of its lien claims on the Vessels, concluding that U.S. Oil did not provide necessaries "on the order of" the Vessels or persons authorized by Hapag, the owner or charterer of the Vessels, as required under the Commercial Instruments & Maritime Lien Act ("CIMLA"). *See* Amended Opinion and Order of March 22, 2017, at 13-23 (No. 14 Civ. 9949, Dkt. 319; No. 15 Civ. 6718, Dkt. 264).

U.S. Oil appealed the Partial Final Judgments entered against it in the captioned cases.[2] U.S. Oil asserted, *inter alia*, that the Court erred in holding that U.S. Oil did not deliver

---

[1] The Court had previously designated the captioned related cases as test cases for the purpose of proceeding to summary judgment briefing on physical suppliers' maritime lien claims. *See* Order of April 6, 2016 (No. 14 Civ. 9949, Dkt. 207; No. 15 Civ. 6718, Dkt. 158).

[2] The appeal of the interpleader case with No. 14 Civ. 9949 was *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading L.L.C.* (No. 17-931-cv). The appeal of the captioned *in rem* vessel arrest action with Case No. 15 Civ. 6718 was *U.S. Oil Trading LLC v. M/V Vienna Express* (No. 17-922-cv). Given the similarity of the briefing in those parallel appeals, for the purpose of citing to documents filed therein, this brief refers to the docket number of the respective appeal, followed by the respective document number in each case, for example: (No. 17-922-cv, Dkt. 71 at___; No. 17-931-cv, Dkt. 93 at ___).

the subject bunkers on the order of Hapag.  Brief of Appellant (No. 17-922-cv, Dkt. 71 at 28-35; No. 17-931-cv, Dkt. 93 at 32-40).  Hapag, OW Germany, and ING Bank N.V. ("ING") each submitted appellee briefs in the respective appeals and participated in oral argument.  *See* Brief of Appellee Hapag (No. 17-922-cv, Dkt. 104; No. 17-931-cv, Dkt. 109); Brief of Appellee OW Germany (No. 17-922-cv, Dkt. 103; No. 17-931-cv, Dkt. 108); and Brief of Appellee ING (No. 17-922-cv, Dkt. 105; No. 17-931-cv, Dkt. 110).

In an Opinion issued in each of the appeals of the captioned cases on December 19, 2018, the Second Circuit vacated and remanded the Partial Final Judgment "on the issue of whether Hapag directed that [U.S. Oil] be the physical supplier pursuant to the exception to the subcontractor rule."  *U.S. Oil Trading LLC v. M/V VIENNA EXPRESS*, 911 F.3d 652, 666 (2d Cir. 2018).  On January 16, 2019, the Second Circuit issued its Mandate in the captioned cases, stating that the judgments were vacated, and remanding the cases "for trial on the issue of whether Hapag directed that [U.S. Oil] be the physical supplier pursuant to the exception to the subcontractor rule."  Mandate at 2 (No. 14 Civ. 9949, Dkt. 347; No. 15 Civ. 6718, Dkt. 292).

In response to the Court's request for proposed trial dates, the parties jointly proposed three date ranges "for trial on the issue of whether Hapag directed that [U.S. Oil] be the physical supplier pursuant to the exception to the subcontractor rule."  Joint Letter dated April 3, 2019, at 1 (No. 14 Civ. 9949, Dkt. 351; No. 15 Civ. 6718, Dkt. 296) (internal quotation omitted).  The Court endorsed that letter with an order setting a bench trial beginning on November 19, 2019.  Endorsed Order of April 5, 2019 (No. 14 Civ. 9949, Dkt. 352; No. 15 Civ. 6718, Dkt. 297).

On August 13, 2019, the Court consolidated the captioned cases for the remainder of the proceedings, with Case No. 14 Civ. 9949 serving as lead case. Order of August 13, 2019 (No. 14 Civ. 9949, Dkt. 354; No. 15 Civ. 6718, Dkt. 299)

## Argument

### THE MANDATE RULE FORECLOSES CONSIDERATION OF EVIDENCE THAT U.S. OIL DID NOT RELY ON THE CREDIT OF THE VESSELS

**A.     The Mandate Rule**

"Under the law-of-the-case doctrine, where a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court." *Sompo Japan Ins. Co. of America v. Norfolk Southern Ry. Co.*, 762 F.3d 165, 175 (2d Cir. 2014) (quoting *Kerman v. City of New York*, 374 F.3d 93, 109 (2d Cir. 2004)). "Furthermore, where the mandate limits the issues open for consideration on remand, the district court ordinarily may not deviate from the specific dictates or spirit of the mandate by considering additional issues on remand." *Id.* "The mandate rule prevents relitigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate." *Id.* (internal quotation omitted) (quoting *Brown v. City of Syracuse*, 673 F.3d 141, 147 (2d Cir. 2012)). "The Court must adhere scrupulously to the mandate of the Court of Appeals on remand." *Matter of Manhattan by Sail, Inc.*, 2018 A.M.C. 2642, 2645-46 (S.D.N.Y. 2018) (Caproni J.) (citing *Banks v. United States*, 741 F.3d 1268, 1276 (Fed. Cir. 2014), and quoting that case for its statement that "[t]he mandate rule, encompassed by

4

the broader law-of-the-case doctrine, dictates that an inferior court has no power or authority to deviate from the mandate issued by an appellate court." (internal quotation omitted)).

B.   **The Mandate Limits the Issue Open for Consideration to Whether Hapag Directed that U.S. Oil be the Physical Supplier for the Subject Bunker Supplies**

The Mandate in the instant consolidated cases states that the sole issue for trial is "whether Hapag directed that [U.S. Oil] be the physical supplier pursuant to the exception to the subcontractor rule." Mandate at 2 (No. 14 Civ. 9949, Dkt. 347; No. 15 Civ. 6718, Dkt. 292). As discussed in greater detail in the Second Circuit's Opinion, this "exception to the subcontractor rule" applies "where an entity authorized to bind the ship *controlled the selection* of the subcontractor and/or its performance." *U.S. Oil Trading LLC*, 911 F.3d at 662-63 (emphasis in original) (internal quotations and citations omitted). "For the exception to apply so as to afford the subcontractor a lien on the vessel, there must have been (a) an order or direction (b) by the owner/charterer of the vessel or its authorized agent, that the particular subcontractor be used." *Id.* at 664. "The subcontractor exception does not apply where there is no significant evidence 'that the owner intended that [the physical supplier] be engaged as a subcontractor.'" *Id.* at 663 (brackets in original) (quoting *Farwest Steel Corp. v. Barge Sea-Span 241*, 828 F.2d 522, 526 (9th Cir. 1987)). However, in the instant cases, the Second Circuit remanded after recognizing that evidence in the record supports the conclusion that Hapag selected U.S. Oil. *See, e.g., id.* at 665 (noting that OW Germany's sales confirmations, which list U.S. Oil and only U.S. Oil as the supplier, "provide support for a conclusion that the language in Hapag's purchase orders, listing [U.S. Oil] and only [U.S. Oil], evinced an instruction.").

Neither the Mandate nor the Second Circuit's discussion of the exception to the subcontractor rule and the record evidence suggests that whether U.S. Oil extended credit to the Vessels bears any relevance to the sole issue for trial: whether Hapag directed that U.S. Oil be the physical supplier. Rather, as discussed below, the Second Circuit has already considered and rejected the argument that U.S. Oil did not rely on the credit of the Vessels.

C. **The Second Circuit Expressly Considered and Rejected the Argument that U.S. Oil Did Not Rely on the Credit of the Vessels, and Thus Lacked Maritime Liens**

In the parallel appeals of the instant cases, OW Germany and U.S. Oil briefed the issue of whether U.S. Oil waived any maritime lien on the Vessels by not relying on the credit of the Vessels. *See* Brief for Appellee OW Germany (No. 17-922-cv, Dkt. 103 at 55-57; No. 17-931-cv, Dkt. 108 at 54-57) (arguing with citations to the record that U.S. Oil did not rely on the credit of the Vessels); *see also* Reply Brief for Appellant (No. 17-922-cv, Dkt. 119 at 18-19; No. 17-931-cv, Dkt. 124 at 18-19) (refuting OW Germany's credit arguments and noting, *inter alia*, that the party attacking the presumption in favor of a maritime lien on the basis of waiver has the burden of establishing that the supplier relied *solely* on the credit of an entity other than the vessel).

In addition, during oral argument of the appeals, which the same panel heard in tandem, OW Germany, ING and U.S. Oil all addressed the arguments that U.S. Oil lacked a maritime lien due to its extension of credit to an entity other than the Vessels. Transcript of Oral Argument at 37:23-38:3; 52:12-53:5; 64:5-14, *U.S. Oil Trading LLC*, 911 F.3d 652 (No. 17-922). (A true and accurate excerpt of the transcript of oral argument is attached herewith as Exhibit A).

6

In remanding the cases for trial on the discrete issue of selection pursuant to the exception to the subcontractor rule, the Second Circuit reasoned: "We have considered *all of the parties' arguments* on these appeals and, except to the extent indicated above, have found them to be without merit." *U.S. Oil Trading LLC*, 911 F.3d at 666 (emphasis added). The Second Circuit nowhere expressed any agreement with the various arguments that U.S. Oil lacked or waived a maritime lien by extending credit to an entity other than the Vessels. *See generally U.S. Oil Trading LLC*, 911 F.3d 652. Accordingly, a plain reading of the Second Circuit's Opinion compels the conclusion that the Court of Appeals found such arguments "without merit." *Id.* at 666.

**D.     The Second Circuit Impliedly Considered and Rejected
the Argument that U.S. Oil Did Not Rely on the Credit of the Vessels**

In addition to expressly rejecting the other arguments of the parties raised on appeal, the Second Circuit also impliedly rejected arguments by OW Germany and ING that U.S. Oil waived its lien by extending credit to an entity other than the Vessels, and foreclosed reconsideration of such arguments at trial. "Waiver principles are analytically antecedent to an analysis on the merits . . ." *Meacham v. Knolls Atomic Power Laboratory*, 358 Fed.Appx. 233 at *1 (2d Cir. 2009) (interpreting decision of the Supreme Court as impliedly rejecting a waiver argument that plaintiffs raised on appeal to that Court, where such decision remanded the case for further proceedings on the merits without expressly rejecting the waiver argument). In *Meacham*, the Second Circuit held that the Supreme Court's implied rejection of a waiver argument, in remanding the case for further proceedings on the merits, barred the district court from reconsideration of waiver arguments under the mandate rule. *Id.* at *1-2.

7

The same reasoning applies here with equal force.  Had the Second Circuit found any merit in the argument that U.S. Oil waived its lien rights by not relying on the credit of the Vessels, the Court of Appeals would not have remanded for trial on the merits issue of whether Hapag selected U.S. Oil to act as physical supplier under the exception to the subcontractor rule.  Had the Second Circuit intended for the trial to have a wider scope, the Court of Appeals could have remanded "for further proceedings" or a more open-ended instruction.  That the Second Circuit did not do so, but instead remanded for trial on the narrow merits issue of selection, further demonstrates that the Second Circuit considered and rejected the credit arguments raised by OW Germany and ING on appeal.

E.  **Evidence that U.S. Oil Did Not Rely on the Credit of the Vessels Has No Relevance to the Narrow Issue for Trial and Should be Excluded**

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation omitted).  Here, evidence that U.S. Oil did not rely on the credit of the Vessels, or extended credit to an entity other than the Vessels, fails the test for relevance.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) *the fact is of consequence in determining the action*." Fed. R. Evid. 401 (emphasis added).   Under the narrow mandate of the Second Circuit in the instant cases, that U.S. Oil did or did not rely on the credit of the Vessels has no "consequence in determining the action."

Indeed, the lack of relevance of whether U.S. Oil relied on the credit of the Vessels to the question of whether U.S. Oil provided the subject bunkers "on the order of" Hapag finds support in the structure of CIMLA itself. CIMLA provides in relevant part that "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner (1) has a maritime lien on the vessel; (2) may bring a civil action to enforce the lien; and (3) *is not required to allege or prove in the action that credit was given to the vessel*." 46 U.S.C. § 31342(a) (emphasis added). As discussed above, the Second Circuit rejected arguments that U.S. Oil did not rely on the credit of the Vessels in remanding these cases for trial on the distinct and independent issue of whether Hapag directed that U.S. Oil be the physical supplier pursuant to the exception to the subcontractor rule, which bears on whether U.S. Oil acted "on the order of" Hapag. *See U.S. Oil Trading LLC*, 911 F.3d at 664 ("In th[e] scenario in which the vessel owner directs the general contractor to use a particular subcontractor, the general contractor essentially acts as the owner's agent and thus exercises authority to bind the vessel.") (internal quotations omitted).

The Court therefore should exclude from trial any evidence that U.S. Oil did not rely on the credit of the Vessels as irrelevant to the selection issue specified by the Mandate. *See, e.g.*, *SCO Group, Inc. v. Novell, Inc.,* No. 2:04-cv-139 TS, 2010 WL 744571 at *2 (D. Utah Feb. 23, 2010) (granting motion *in limine* to exclude arguments beyond the scope of the issues left open by a mandate on remand); *see also* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

## CONCLUSION

For the reasons set forth above, the Court should grant U.S. Oil's motion *in limine* in all respects.

Dated: New York, New York
       October 8, 2019

                                                                                                                    **CLYDE & CO US LLP**

                                                         By:  /s/ John R. Keough
                                                                  John R. Keough
                                                                  George G. Cornell
                                                                  Laura L. Gongaware
                                                                 The Chrysler Building
                                                                 405 Lexington Avenue, 16th Floor
                                                                New York, New York 10174
                                                                Tel.:  (212) 710-3900
                                                                Fax:  (212) 710-3950

                                                                *Attorneys for U.S. Oil Trading LLC*