WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.ᐃ
THOMAS M. RUSSO
THOMAS M. CANEVARI†
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*ᐃ
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA°ᐃ
JUSTIN T. NASTRO*
MANUEL A. MOLINA
DANIEL J. FITZGERALD*†ᐃ
BARBARA G. CARNEVALE*
JAN P. GISHOLT†
ERIC J. MATHESON*
MICHAEL D. TUCKER*◊
WILLIAM H. YOST*
YAAKOV U. ADLER
MICHAEL J. DEHART
MATTHEW J. PALLAY*

\*  ALSO ADMITTED IN NEW JERSEY
†  ALSO ADMITTED IN CONNECTICUT
ᐃ  ALSO ADMITTED IN WASHINGTON, D.C.
°  ALSO ADMITTED IN LOUISIANA
◊  ALSO ADMITTED IN PENNSYLVANIA

LAW OFFICES OF
# FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900

FACSIMILE (212) 425-1901

E-MAIL: reception@freehill.com

www.freehill.com

November 1, 2019

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

_____

CONNECTICUT OFFICE
246 MARGHERITA LAWN
STRATFORD, CT 06615
TELEPHONE: (203) 921-1913
FACSIMILE (203) 358-8377

_____

OF COUNSEL
GEORGE B. FREEHILL
PATRICK J. BONNER

Our Ref: 482-1402/MF/GMV

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/01/2019

**\*\*REQUEST FOR EXPEDITED PROTECTIVE ORDER\*\***



**VIA ECF**
The Honorable Valerie E. Caproni
United States District Judge
40 Foley Square, Room 240
New York, NY 10007

Re:   **Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC,** *et al.*
14-cv-9949 (VEC)
*-and-*
**U.S. Oil Trading LLC v. M/V Vienna Express,** *et al.*
15-cv-6718 (VEC)

Dear Judge Caproni,

We represent Plaintiff Hapag-Lloyd Aktiengesellschaft ("Hapag") in the above-captioned interpleader actions. We write to request the Court's intervention to resolve a discovery dispute that has arisen between Hapag and Interpleader Defendant U.S. Oil Trading LLC ("USOT"). We apologize for making this request on an expedited basis, but the dispute just arose. USOT's counsel served the disputed Rule 30(b)(6) deposition notice on October 22 for a deposition scheduled for November 5. We attempted to resolve the parties' difference and held the required discovery dispute conference yesterday. The parties were unable to resolve their dispute.

**Background of Current Dispute**

In January 2016 Hapag produced Mr. Norbert Kock for a deposition in response to Rule 30(b)(6) deposition notices served by the parties. At that time, Mr. Kock was the Director of Purchasing and Supply in Hapag's Fuel Department. Mr. Kock confirmed during his deposition that he was fully capable of testifying to the topics identified by USOT in its Rule 30(b)(6) notice. A copy of USOT's January 14, 2016, deposition notice is attached as **Exhibit 1**.

514619.1

Mr. Kock has since retired from Hapag and is unavailable to testify at the upcoming trial. Pursuant to Rule 32(a)(3), his transcript can be used at trial for any purpose since he testified as a Rule 30(b)(6) witness. His transcript can also be used under Rule 32(a)(4).

Nevertheless, in light of Mr. Kock's retirement, Hapag supplemented its Rule 26 disclosure to identify Mr. Nikolai Doerner so as to provide Hapag the option of calling him live at trial if needed. Mr. Doerner is currently employed by Hapag as Senior Manager, Fuel and Lubricants. The parties to this action, including USOT, were notified of Mr. Kock's retirement via an email dated August 27, 2019. A copy of this email is attached as **Exhibit 2**. While this email stated that Mr. Doerner would be Hapag's "30b6 witness at trial," at no point did Hapag ever officially state that Mr. Doerner would displace Mr. Kock as Hapag's Rule 30(b)(6) deponent for purposes of pretrial discovery. Indeed, there is no such thing as a "30b6" live witness at trial, as Rule 30(b)(6) is a discovery procedure.

USOT requested the opportunity to depose Mr. Doerner in advance of trial. Hapag, in an effort to allay USOT's concerns, voluntarily agreed to produce Mr. Doerner for a deposition before the trial date. Mr. Doerner's deposition is set for next Tuesday, November 5th in New York.

On October 22nd, USOT served Hapag with a Notice of Deposition in which USOT relayed its intent to conduct Mr. Doerner's deposition "individually, and pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, as an officer, director, managing agent or other representative of Hapag." A copy of the October 22, 2019, deposition notice is attached as **Exhibit 3**.

Hapag objects to USOT's unilateral designation of Mr. Doerner as Hapag's 30(b)(6) witness and seeks a protective order striking the Rule 30(b)(6) request from USOT's notice. To the extent Mr. Doerner may be called to testify at trial, he should be deposed in his individual capacity only. However, USOT is not entitled to a second Rule 30(b)(6) witness from Hapag when it already had one. The identification of Mr. Doerner as a witness who Hapag may call at trial does not provide the basis for USOT to have a "do-over" or even supplementation of the Rule 30(b)(6) deposition that has already been conducted. USOT cannot unilaterally and impermissibly re-open Hapag's Rule 30(b)(6) deposition conducted over 3 years ago, especially in light of the fact that fact discovery in these cases closed back in February 2016.

USOT disagrees, and despite attempts to resolve the impasse, the parties have been unable to do so. As a result, and since Mr. Doerner is scheduled to appear for his deposition next Tuesday, we seek expedited consideration of this request from the Court.

**USOT Should not be Permitted to Take a Second Rule 30(b)(6) Deposition**

Rule 30(a)(2)(B) provides that a party must obtain leave of the court in order to take a deposition of a person who has already been deposed, unless otherwise stipulated in writing. FED. R. CIV. P. 30(a)(2)(B). The rule has consistently been applied to an entity that has already been deposed pursuant to Rule 30(b)(6). *Expert Choice, Inc. v. Gartner, Inc.*, No. CIVIL 3:03CV02234(CFD) (TPS), 2006 U.S. Dist. LEXIS 41466, at *19 n.5 (D. Conn. June 21, 2006);

*Ameristar Jet Charter, Inc. v. Signal Composites*, 244 F.3d 189 (1st Cir. 2001); *Weiner v. Blackstone Partners, L.P. (In re Blackstone Partners, L.P.)*, 2005 U.S. Dist. LEXIS 13177, at *7-8 (S.D.N.Y. June 30, 2005). A party seeking a second deposition of a Rule 30(b)(6) entity must demonstrate that a second deposition is warranted based upon the factors enumerated in Rule 26(b)(2): "(1) whether the second deposition of the witness would be unnecessarily cumulative; (2) whether the party requesting the deposition has had other opportunities to obtain the same information; and (3) whether the burden of a second deposition outweighs its potential benefit." *United States v. Prevezon Holdings, Ltd.*, 320 F.R.D. 112, 114-15 (S.D.N.Y. 2017); *see also* FED. R. CIV. P. 26(b)(2). Ultimately, the court retains discretion to make a determination that is fair and equitable under the circumstances of the case. *Prevezon Holdings*, 320 F.R.D. at 114. Here, none of the factors weigh in favor of permitting USOT to conduct a second Rule 30(b)(6) deposition of Hapag.

**First**, a second Rule 30(b)(6) deposition would be unnecessarily cumulative. USOT does not and cannot deny that it was already afforded a full Rule 30(b)(6) deposition in this case through the deposition of Mr. Kock, nor that Mr. Kock testified in full as to the topics set forth in USOT's 30(b)(6) Notice. Indeed, a comparison of the two deposition notices served by USOT reveals that USOT evidently intends to question Mr. Doerner on two of the exact same topics on which it already questioned Mr. Kock. *Compare* items 1 & 2 on Annex A to **Ex. 1** and items 1 & 2 on Annex A to **Ex. 3**.

**Second**, USOT already had ample opportunity to obtain the same information sought from Mr. Doerner through the deposition of Mr. Kock. As noted above, Mr. Kock already fully testified to the areas of inquiry sought by USOT. The simple fact that Mr. Kock is now unavailable for trial does not mean that USOT is entitled to wade into areas of inquiry that it had every opportunity to explore during the years of discovery that took place in this case in an effort to belatedly augment its position in advance of trial. Stated differently, it is clear that USOT would not be permitted to conduct a second Rule 30(b)(6) deposition of Hapag had Mr. Kock remained available for trial. His retirement does not change this analysis.

**Third**, the burden of forcing Hapag to undergo a second Rule 30(b)(6) deposition outweighs the potential benefit for the simple fact that there is no benefit to conducting the second deposition. All that USOT is attempting to accomplish by conducting a second Rule 30(b)(6) deposition of Hapag is to impermissibly gather additional evidence concerning the narrow issue remanded by the Second Circuit in advance of trial when USOT already had that opportunity. The Second Circuit did not tread any new legal ground in holding that USOT's lien claims may fall within the narrow "selection" exception to the general rule against liens for subcontractors. USOT thus had full knowledge of the need to gather the evidence it deemed necessary to establish that its lien claims fall within the exception. There is no benefit to permitting USOT to re-open a deposition that was closed in January 2016.

In light of the above, Hapag respectfully requests that the Court issue an Order : 1) limiting Mr. Doerner's testimony during his November 5th deposition to his individual knowledge; 2) barring USOT from unilaterally designating Mr. Doerner as a Rule 30(b)(6) witness of Hapag; and 3) limiting the areas of inquiry during Mr. Doerner's deposition to the discrete issue remanded by the Second Circuit pursuant to the mandate rule.

514619.1

FREEHILL, HOGAN & MAHAR LLP

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Michael Fernandez

Michael Fernandez

Cc:   All counsel of record

---

As the Court ruled during the telephone conference held at 6:00 P.M. on November 1, 2019, the parties are directed to proceed with Mr. Doerner's deposition, and Mr. Doerner is to answer all questions, to the extent of his personal knowledge, pertaining to the subjects identified in the parties' joint pretrial order, Dkt. 366 at 27.  The Clerk of Court is respectfully directed to terminate the open motion at docket 380.

SO ORDERED.         Date: 11/1/2019

*[signature]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

---